■ CARMENCITA LOPEZ, Respondent, v PICOTTE COMPANIES, Appellant. [635 NYS2d 818] —Peters, J. Appeal from an order of the Supreme Court (Kahn, J.), entered October 5, 1994 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff was injured on the morning of January 16, 1991 at approximately 8:00 A.M. when she slipped and fell on an icy

sidewalk outside of her place of employment. After joinder of issue and following discovery, defendant unsuccessfully moved for summary judgment. Defendant appeals and we reverse.

It is by now well settled that a landowner is allotted a reasonable period of time after the cessation of a storm to correct storm-related snow and/or ice conditions on a sidewalk which occurred while the storm was in progress (*see, Fusco v Stewart's Ice Cream Co.*, 203 AD2d 667; *Porcari v S.E.M. Mgt. Corp.*, 184 AD2d 556, 557). Defendant's offer of proof consisted of Federally certified hourly surface weather observations from the National Weather Service Forecast Office, which disclosed that from 5:50 A.M. to 9:46 A.M. on the day of the accident, a freezing rainstorm was in progress. Recognizing that the report was based upon hourly observations made at Albany County Airport, located a few miles from defendant's property, we note that such report further indicated that the precipitation was widespread, covering several counties including Albany County. This weather condition was confirmed by the affidavit of Phillip Falconer, a certified consulting meteorologist of the American Meteorological Society. Defendant further proffered the affidavit of Joseph Valigorsky, the superintendent of the building where plaintiff worked. Valigorsky avers therein that while he does not have a specific recollection of the events that took place on that morning, the log book regularly used by him on a daily basis in the course of his business indicates that he arrived early that day due to the rain and freezing weather conditions. He further states that according to his log, the outside sidewalks were treated with calcium to minimize the effects of the storm.

In opposition thereto, plaintiff solely offers her deposition testimony that it was not precipitating when she arrived at work. In response, defendant submitted the affidavit of Melissa Brenz, a claims representative of defendant's insurance company, which recounted a statement made by plaintiff prior to legal representation and the commencement of the instant action. According to Brenz, plaintiff told her that it had lightly snowed in the morning and was lightly raining at the time of her fall. Even viewing plaintiff's evidence in the light most favorable to her, we find that an apparent fall occurred during a lull in the storm. By not demonstrating that a reasonable period of time had elapsed from the cessation thereof to have imposed a duty upon defendant to remedy the resulting hazardous conditions (*see, Fusco v Stewart's Ice Cream Co., supra; Porcari v S.E.M. Mgt. Corp., supra*), we find no triable issues of fact which should have defeated defendant's motion for summary judgment.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.