■ PETER C. JENSEN et al., Appellants, v JOHN T. ROOHAN, Respondent. [649 NYS2d 100] —Crew III, J. Appeal from an order of the Supreme Court (Keniry, J.), entered January 9, 1996 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action for injuries purportedly sustained by plaintiff Peter C. Jensen on March 23, 1992 when Jensen allegedly slipped and fell on the sidewalk in front of a commercial building owned by defendant in the City of Saratoga Springs, Saratoga County. According to plaintiffs, Jensen slipped on a patch of ice that had existed for at least 18 hours prior to the accident and was covered with approximately one inch of snow. Following joinder of issue and discovery, defendant moved for summary judgment contending that Jensen's accident occurred during the course of an ongoing storm and, as such, defendant was under no obligation to clear the sidewalk of snow and ice at that time. Supreme Court granted defendant's motion and this appeal by plaintiffs followed.

We affirm. It is now well settled that "[a] party in possession or control of real property has a reasonable period of time *after* the cessation of a storm in which to take protective measures to correct storm-created hazardous ice and snow conditions" (*Fusco v Stewart's Ice Cream Co.*, 203 AD2d 667, 668 [emphasis supplied]; *see, Lopez v Picotte Cos.*, 223 AD2d 823, 824). In support of his motion for summary judgment, defendant submitted duly certified weather data reports and observations which, together with the affidavit of forensic meteorologist Phillip Falconer, established that a storm began in the Saratoga Springs area at approximately 4:30 P.M. on March 22, 1992 and continued steadily until approximately 3:30 A.M. on March 23, 1992, leaving an accumulation of approximately 1.1 inches of snow. Following this lull, the snow resumed falling at 9:00 A.M. on March 23, 1992 and continued through noontime, depositing an additional 0.3 inches to 0.4 inches of snow. Although Jensen could not recall whether it was snowing at the time of his accident at 11:00 A.M. on March 23, 1992, Falconer's affidavit and the accompanying meteorological data demonstrates that there indeed was a storm in progress at that time and, as such, defendant's duty to clear the area of ice and snow was suspended until the storm's cessation (*see, Fusco v Stewart's Ice Cream Co., supra*, at 668; *Cerra v Perk Dev.*, 197 AD2d 851).

Finally, to the extent that plaintiffs argue that there is a question of fact as to whether the ice upon which Jensen allegedly slipped was the product of prior episodes of precipitation, Falconer's review of the meteorological data indicated that any snow, sleet or freezing rain that fell in the area during the two weeks prior to Jensen's accident would have melted before March 23, 1992, and plaintiffs' assertion to the contrary is based upon nothing more than pure speculation (*see generally,*

*Croff v Grand Union Co.*, 205 AD2d 856; *Porcari v S.E.M. Mgt. Corp.*, 184 AD2d 556, 557). Accordingly, defendant's motion was properly granted.

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.