■ Arthur Ruck et al., Appellants, v ISS International Service System, Inc., Respondent. [653 NYS2d 210] —Casey, J. Appeal from an order of the Supreme Court (Rose, J.), entered March 29, 1996 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

On December 28, 1992, plaintiff Arthur Ruck slipped and fell on an icy walkway at premises owned by International Business Machines Corporation (hereinafter IBM) in the Village of Endicott, Broome County. At the time of the accident, IBM had contracted with defendant to maintain the premises, which included keeping the walkways clear of ice and snow. Thereafter, Ruck and his wife commenced this action against defendant for personal injuries. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiffs appeal.

We affirm. It is well settled that a party in possession or control of real property has a reasonable time after the cessation of a storm to take corrective action to remedy hazardous snow and ice-related conditions created by the storm (see, *Jensen v Roohan*, 233 AD2d 587, 588; *Zima v North Colonie Cent. School Dist.*, 225 AD2d 993, 994; *Lopez v Picotte Cos.*, 223 AD2d 823, 824). It is undisputed that Ruck's accident occurred at approximately 4:00 P.M. on December 28, 1992. According to the affidavit of Phillip Falconer, a certified meteorologist, an ice and freezing rain storm was in progress at the subject loca-

tion which started at approximately 9:10 A.M. and continued throughout the day. Falconer observed that the frozen precipitation fell in waves, with the first starting at 9:10 A.M. and ending at 10:46 A.M., the second starting at 11:05 A.M. and ending at 1:45 P.M., the third starting at 2:20 P.M. and ending at 3:20 P.M., and the fourth starting at 6:45 P.M. and ending at 7:40 P.M. Notwithstanding these breaks in the precipitation, defendant did not have a duty to remedy the icy condition of the walkway until a reasonable time after the storm had ended (*see, Jensen v Roohan, supra; Lopez v Picotte Cos., supra*). Accordingly, Supreme Court properly granted summary judgment dismissing the complaint.

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.