■ BRIAN KRUTZ, Respondent, v BETZ FUNERAL HOME, INC., Appellant. [653 NYS2d 212] —Casey, J. Appeal from an order of the Supreme Court (Best, J.), entered July 8, 1996 in Montgomery County, which denied defendant's motion for summary judgment dismissing the complaint.

On January 28, 1994 at approximately 8:30 A.M., plaintiff made a service call to premises owned by defendant located in the Village of Canajoharie, Montgomery County. While leaving the premises about a half an hour later, plaintiff slipped and fell on stairs leading to a sidewalk which were covered with snow and ice. Thereafter, he commenced this personal injury action against defendant. Defendant moved for summary judgment dismissing the complaint on the basis that a winter storm was in progress at the time of plaintiff's fall. Supreme Court denied the motion and defendant appeals.

There must be a reversal. It is well settled that a property owner has a reasonable time after the cessation of a winter storm to correct hazardous snow and ice-related conditions created while the storm was in progress (*see*, *Jensen v Roohan*, 233 AD2d 587, 588; *Zima v North Colonie Cent. School Dist.*, 225 AD2d 993, 994; *Lopez v Picotte Cos.*, 223 AD2d 823, 824). In support of its motion for summary judgment, defendant submitted the affidavit of Phillip Falconer, a meteorologist, who averred that a winter storm was in effect between January 26,

1994 and January 28, 1994 in the Canajoharie region. He stated that approximately two inches of snow and sleet fell on January 27, 1994 between 7:00 P.M. and midnight, and that the precipitation changed to freezing rain on January 28, 1994 starting at approximately 1:00 to 2:00 A.M. and continuing until approximately 11:00 to 11:30 A.M. Plaintiff's meteorologist, Steven LaPointe, concurred with Falconer that a winter precipitation event was ongoing during the relevant time period. He stated, however, that the storm was of such a nature that lulls or breaks in the precipitation were likely and that this was consistent with plaintiff's statement that no precipitation was falling at the time he arrived or left defendant's premises. Viewing the evidence in light most favorable to plaintiff, even if there was a lull or break in the storm around the time of plaintiff's accident, this does not establish that defendant had a reasonable time after the cessation of the storm to correct hazardous snow or ice-related conditions (*see, Jensen v Roohan, supra; Lopez v Picotte Cos., supra*). Therefore, defendant's motion should have been granted.

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.