■ JULIA WOOD, Respondent, v ELEANOR M. CONVERSE, Appellant. [693 NYS2d 742] —Crew III, J. Appeal from an order of the Supreme Court (Dier, J.), entered July 1, 1998 in Warren County, which denied defendant's motion to, *inter alia*, dismiss the complaint for failure to prosecute.

Plaintiff commenced this action against defendant, her mother, for injuries she purportedly sustained on March 27, 1994 when she allegedly slipped and fell in the driveway of defendant's residence in the Town of Lake George, Warren County. Following joinder of issue and discovery, activity on this matter apparently ceased for approximately 2½ years, prompting defendant to issue a 90-day demand (*see, CPLR*

3216) in February 1998 seeking resumption of the prosecution of the underlying action and the filing of a note of issue. When plaintiff failed to file the note of issue within the 90-day period, defendant moved to dismiss for failure to prosecute or, in the alternative, for summary judgment dismissing the complaint. Supreme Court denied the respective motions and this appeal ensued.

There must be a reversal. "It is well settled that a party in possession or control of real property has a reasonable time after the cessation of a storm to take corrective action to remedy hazardous snow and ice-related conditions created by the storm" (*Ruck v ISS Intl. Serv. Sys.,* 236 AD2d 702; *see, Jensen v Roohan,* 233 AD2d 587, 588). Here, despite plaintiff's unsubstantiated assertion to the contrary, the record plainly establishes that there was a storm in progress at the time that plaintiff allegedly slipped and fell in defendant's driveway. Indeed, plaintiff acknowledged at her examination before trial that the weather was "stormy" when she left for defendant's home on the morning in question, that between two inches and three inches of snow already had fallen and that it was still snowing following her mishap. Accordingly, to the extent that plaintiff seeks to recover for defendant's alleged failure to promptly and properly remove the accumulated snow from her driveway, it is clear that defendant's duty in this regard was suspended until a reasonable period of time after the storm ended (*see, Jensen v Roohan, supra,* at 588).

Nor do we find merit to plaintiff's conclusory assertion that her fall was precipitated by defendant's failure to remove ice that had accumulated on the driveway prior to the subject snowfall. Plaintiff's theory in this regard is that above-freezing temperatures the day before the accident caused the snowbanks on the side of defendant's driveway to melt to some degree, with the resulting runoff flowing across the driveway and refreezing, only to be obscured by the subsequent snowfall. There are, however, two primary flaws in this theory. First, there is nothing in the record to establish that defendant had actual or constructive notice of any such icy condition (*see, Reynolds v Masonville Rod & Gun Club,* 247 AD2d 682; *Decker v Smith,* 217 AD2d 776, 777). Although defendant acknowledged that runoff from melting snow indeed crossed the driveway in certain places, her general awareness of this problem does not constitute notice (*see, Reynolds v Masonville Rod & Gun Club, supra,* at 683). Additionally, plaintiff acknowledged that as she was not at defendant's residence the day prior to the accident, she did not know if any runoff occurred on that particular occa-

sion. Moreover, plaintiff's own examination before trial testimony regarding any ice that may have existed on defendant's driveway was equivocal at best. Although plaintiff ultimately testified that there was "a glaze of ice right * * * where [she] fell", she testified only moments before that she had not noticed any ice on the driveway on the date in question and, further, that she had no reason to believe that there was any ice at the location where she fell. Under such circumstances, we must conclude that plaintiff failed to come forward with sufficient admissible proof to raise a question of fact as to whether her fall was caused by a thaw/freeze episode that occurred prior to the subject storm. Accordingly, Supreme Court erred in failing to grant defendant's motion for summary judgment dismissing the complaint. Having concluded that plaintiff does not have a meritorious cause of action, it necessarily follows that defendant's motion to dismiss for failure to prosecute should have been granted (see generally, Fountain v Village of Canastota, 219 AD2d 781 [dismissal required absent a justifiable excuse for the delay and a meritorious cause of action]; see also, CPLR 3216 [e]).

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.