■ JOANN PETROWSKI, Respondent, v ABE ABRAHAM, Appellant. [695 NYS2d 466] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Plaintiff was injured when she slipped and fell on ice on the public sidewalk in front of defendant's building. Absent proof that defendant created the dangerous condition or used the sidewalk for a special purpose that resulted in plaintiff's injury, liability may not be imposed upon defendant, as the abutting owner, for the dangerous condition of the sidewalk (*see, O'Shea v Ilion Main St. Corp.,* 227 AD2d 989, *lv denied* 88 NY2d 814; *Reid v Auto Tune Ctrs.,* 202 AD2d 1047) regardless of whether the description in his deed encompasses the sidewalk (*see, Farnsworth v Village of Potsdam,* 228 AD2d 79, 83). Nor can defendant be held liable by virtue of the ordinances cited by plaintiff in opposition to the motion (*see, Roark v Hunting,* 24 NY2d 470, 475; *Appio v City of Albany,* 144 AD2d 869, 870). Further, even assuming, arguendo, that plaintiff was injured on a private walkway owned by defendant, we conclude that defendant established his entitlement to summary judgment on the alternative ground that "[a] landowner is not responsible for a failure to remove snow and ice until a reasonable time has elapsed after cessation of the storm" (*Cerra v Perk Dev.,* 197 AD2d 851; *accord, Fusco v Stewart's Ice Cream Co.,* 203 AD2d 667, 668). (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Callahan and Balio, JJ.