■ TERRI M. LUPI, Appellant, v HOME CREATORS, INC., Respondent. [696 NYS2d 291] —Graffeo, J. Appeal from an order of the Supreme Court (Lynch, J.), entered July 10, 1998 in Schenectady County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages for injuries she sustained in December 1992 while riding her horse at an enclosed riding stable owned by defendant. Plaintiff had been exercising her horse for approximately 15 minutes when she suddenly landed on the ground. Although plaintiff could not recall what caused her to fall and there were no witnesses, she noticed her horse attempting to regain its footing after her accident. Subsequently, a patch of ice was discovered 3 to 4 inches underneath the dirt surface of the ring floor. In her complaint, plaintiff alleged that leaking water pipes located beneath the floor of the stable caused an accumulation of ice below the dirt surface and that defendant was purportedly aware of this condition. Upon completion of discovery, defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for partial summary judgment with regard to liability. Supreme Court granted defendant's motion and this appeal ensued.

It is axiomatic that a landowner can be held liable only if it

is demonstrated that he or she created the dangerous or defective condition, or had actual or constructive notice of the condition and failed to correct it within a reasonable period of time (*see, Pulley v McNeal*, 240 AD2d 913). Plaintiff argues that defendant had notice of a water leak prior to her accident but failed to have it repaired.

An examination of the record reveals that defendant had neither actual nor constructive notice of the icy condition underneath the ring floor which allegedly caused plaintiff and her horse to fall. Plaintiff, who had frequently and regularly utilized the ring for at least two years prior to the accident, acknowledged at her deposition that she had not previously noticed a dangerous condition regarding the floor of the riding ring and was not aware of leaking pipes. Similarly, Mary Lupi, plaintiff's mother and a tenant on the premises, confirmed that there was no indication of a water leak existing under the floor of the ring prior to the accident. While she claimed that defendant had been notified of a leak related to a hydrant with a spigot located near the entrance of the ring, which apparently resulted in water running outside the stable and down the adjacent driveway, there had been no manifestation of ice or water accumulation on the ring floor.

The leak which allegedly led to the accumulation of water and ice beneath the dirt floor of the ring was caused by water pipes located eight feet underneath the surface and there is no evidence in the record demonstrating that defendant was aware of leaking at this location. At no time before the accident did any party observe water puddling or ice on or beneath the ring floor. Furthermore, there is no direct evidence that plaintiff's horse slipped or fell because of the ice. Under these circumstances, we find no basis to disturb Supreme Court's award of summary judgment to defendant because defendant did not possess actual or constructive notice of the alleged defect (*see, Russo v Eveco Dev. Corp.*, 256 AD2d 566; *Walsh v City School Dist.*, 237 AD2d 811; *Hooker v Melton Manor Condominium*, 212 AD2d 1049).

Cardona, P. J., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.