■ JANE LAVERGNE et al., Respondents, v DISTRICT THREE IUE TROY HILLS HOUSING CORPORATION et al., Appellants. [711 NYS2d 620] —Crew III, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered May 4, 1999 in Rensselaer County, which denied defendants' motion for summary judgment dismissing the complaint.

In March 1994, plaintiff Jane Lavergne (hereinafter Lavergne) allegedly sustained certain injuries to her left thumb when she slipped on slush that purportedly accumulated in the parking lot of premises owned and operated by defendants. Lavergne and her spouse, derivatively, thereafter commenced this action against defendants alleging, *inter alia*, that defendants failed to remove snow and ice from the subject lot and permitted water to channel into the lot, thereby creating a hazardous condition. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint contending that they did not have actual or constructive notice of any allegedly hazardous condition and, further, that Lavergne's alleged injury occurred during a storm in progress. Supreme Court denied the motion, prompting this appeal by defendants.

We affirm. To prevail on their motion for summary judgment dismissing the complaint, defendants were required to establish that they did not have actual or constructive notice of the allegedly dangerous condition at issue (*cf., Lupi v Home Creators*, 265 AD2d 653, 653-654, *lv denied* 94 NY2d 758; *Stern v Ofori-Okai*, 246 AD2d 807, 808) or, alternatively, that Lavergne's injury-producing slip occurred during a storm in progress (*see, Wood v Converse*, 263 AD2d 860, 861). This they failed to do.

As to the storm in progress theory, defendants failed to come forward with any evidence to substantiate their claim that Lavergne sustained her alleged injury during the course of an ongoing storm. Defendants did not submit any meteorological

data to demonstrate that there was some form of precipitation falling during the pertinent time period, and the only relevant examination before trial testimony on this point came from Lavergne, who stated that it was raining off and on at the time of her injury. Under such circumstances, defendants plainly cannot avail themselves of the storm in progress defense.

With respect to the issue of notice, Michael Barbour, the superintendent responsible for overseeing maintenance and upkeep at defendants' apartment complex, did indeed testify that he was unaware of any complaints of water pooling or ponding at the site in question. Barbour also testified, however, that any such complaints initially would have been received by the "office staff" who, in turn, would generate a written work order, which Barbour would then take and pass on to a member of his maintenance staff. No affidavit was submitted by or testimonial evidence adduced from any member of the office staff, at least two of whom were still so employed at the time of Barbour's examination before trial. Nor was any such affidavit tendered by the maintenance employee who actually was on duty the day that Lavergne allegedly was injured.* Finally, Barbour testified that no records were maintained of plowing operations at defendants' premises or of the maintenance work actually performed. Under such circumstances, Barbour's unsubstantiated assertion that no defects existed in the parking lot in question is insufficient to establish defendants' lack of actual or constructive notice. Accordingly, Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint.

Spain, Carpinello, Graffeo and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

---

* To the extent that this individual may have been unavailable at the time of defendants' motion, defendants did not so demonstrate.