■ DAVID J. IOELE, an Infant, by COLLEEN M. IOELE, His Parent and Guardian, et al., Appellant, v WAL-MART STORES, INC., Defendant and Third-Party Plaintiff-Respondent. DAVID J. IOELE, Third-Party Defendant-Respondent. [736 NYS2d 130] —Lahtinen, J. Appeal from an order of the Supreme Court (Sise, J.), entered July 26, 2000 in Fulton County, which granted defendant's motion for summary judgment dismissing the complaint.

On October 23, 1997 at approximately 9:30 A.M., third-party defendant, David J. Ioele (hereinafter the father), and plaintiff David J. Ioele, his then four-year-old son (hereinafter the infant), exited defendant's store located in the City of Gloversville, Fulton County. As they departed the store, the infant

was seated in the child seat portion of a shopping cart provided by defendant. The father testified that, as they headed to their vehicle in defendant's parking lot, the cart became stuck in "a couple of inches" of snow. When the father placed his foot on the bar on the bottom rear of the cart to help push it, the cart flipped up, he fell forward and the infant's legs were trapped beneath the handle of the cart, resulting in a fracture of the infant's left femur.

This personal injury action was thereafter commenced alleging that defendant negligently failed to maintain its parking lot in a safe condition. Defendant commenced a third-party action against the father seeking indemnification and/or contribution. After some discovery, defendant moved for summary judgment seeking dismissal of the complaint. Supreme Court granted the motion determining that defendant had established that there was a storm in progress at the time of the accident. Plaintiffs now appeal, contending procedurally and substantively that defendant failed to properly establish that there was a storm in progress at the time of the accident and that they raised a triable issue of fact, foreclosing summary judgment.

We turn first to plaintiffs' procedural challenge that Supreme Court improperly considered the affidavit of defendant's expert, a certified meteorologist who averred that records established that there was a "storm in progress" at the time of the accident, because the affidavit was presented for the first time in reply papers (*see, N.A.S. Partnership v Kligerman*, 271 AD2d 922, 923; *Clearwater Realty v Hernandez*, 256 AD2d 100, 102). We find this argument to be without merit. Defendant's reply papers, including its expert's affidavit, properly countered plaintiffs' opposition to its summary judgment motion, but also supported defendant's motion for leave to serve its motion beyond the limitation of CPLR 3212 (a), an issue first raised in plaintiffs' opposing papers. Additionally, we note that the expert's affidavit provided a foundation for the admissibility of the meteorological records submitted with defendant's original moving papers (*see, e.g., Oeffler v Miles, Inc.*, 241 AD2d 822, 824) and that plaintiffs were permitted to submit sur-reply papers, obviating any danger of prejudice to plaintiffs from Supreme Court's receipt of defendant's reply papers (*see, Held v Kaufman*, 91 NY2d 425, 430).

Turning to plaintiffs' substantive argument, we agree with Supreme Court that defendant demonstrated its entitlement to judgment as a matter of law and that plaintiffs failed to raise any issue of fact which would preclude that relief.

Generally, to succeed on its motion, defendant was required to establish either that it did not have actual or constructive notice of the dangerous condition of the parking lot resulting from the snowfall or that the accident occurred during a storm in progress (*see, Lavergne v District Three IUE Troy Hills Hous. Corp.*, 275 AD2d 545). Defendant's proof, including a meteorological record from the immediate Gloversville area at the time of this accident and the affidavit of a certified meteorologist, established that there was a snowstorm in progress from 7:00 A.M. on October 22, 1997 to 6:00 A.M. on October 23, 1997, which deposited seven tenths of an inch of snow, a lull in that storm from 6:00 A.M. to 9:00 A.M. and a resumption of the storm from 9:00 A.M. until 6:30 P.M., with an additional accumulation of three tenths of an inch of snow. We have repeatedly held that lulls or breaks in a winter storm, such as the three-hour lull in the instant case, do not amount to a cessation of the storm which would impose the duty on a defendant to clear snow and ice (*see, Krutz v Betz Funeral Home*, 236 AD2d 704, 704, *lv denied* 90 NY2d 803; *Ruck v ISS Intl. Serv. Sys.*, 236 AD2d 702; *Jensen v Roohan*, 233 AD2d 587). Consequently, defendant's duty to "correct hazardous snow and ice-related conditions created while the storm was in progress" (*Krutz v Betz Funeral Home, supra*, at 704) was suspended until a reasonable period of time had elapsed from the cessation of the storm (*see, Lopez v Picotte Cos.*, 223 AD2d 823).

Plaintiff has failed to respond with evidentiary proof of her own contradicting defendant's proof that a storm was in progress. The father's testimony that it was not snowing at the time of the accident establishes, at best, that the accident occurred during a lull in the snowstorm. Consequently, Supreme Court properly granted defendant's motion for summary judgment.

Cardona, P.J., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.