■ OLGA POWELL, Respondent, v MLG HILLSIDE ASSOCIATES, L.P., et al., Appellants. [737 NYS2d 27] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered January 9, 2001, which denied defendants' motion for summary judgment, unanimously affirmed, without costs.

Plaintiff sued her landlord and custodial services agency after falling in the snow in front of her apartment building on March 7, 1999, and injuring her ankle. Defendants moved for summary judgment on the ground that they were under no immediate obligation to clear away the accumulated snow and ice, since it was still snowing from an overnight storm at the time of the accident.

The "storm in progress" defense (*Grau v Taxter Park Assoc.*, 283 AD2d 551, *lv denied* 96 NY2d 721) is based on the principle that there is no liability for injuries related to falling on accumulated snow and ice until after the storm has ceased, in order to allow workers a reasonable period of time to clean the walkways (*Newsome v Cservak*, 130 AD2d 637). The rule is designed to relieve the worker(s) of any obligation to shovel snow while continuing precipitation or high winds are simply re-covering the walkways as fast as they are cleaned, thus rendering the effort fruitless. Where the evidence in the record is clear that the accident occurred while the storm was still in progress, defendants may avail themselves of the rule as a matter of law (*Kay v Flying Goose*, 203 AD2d 332; *Rothrock v Cottom*, 115 AD2d 242, *lv denied* 68 NY2d 601). Indeed, evidence of a storm in progress presents a prima facie case for dismissal (*Mangieri v Prime Hospitality Corp.*, 251 AD2d 632). Such evidence is especially persuasive when based upon the analysis of a licensed meteorologist (*see, Tillman v DeBenedictis & Sons Bldg. Corp.*, 237 AD2d 593; *Jensen v Roohan*, 233 AD2d 587).

In *Zima v North Colonie Cent. School Dist.* (225 AD2d 993), an icy rain was still falling at the time of the accident. Likewise, in *Micheler v Gush* (256 AD2d 1051, 1052), the plaintiff's fall on a patch of ice occurred during "a drizzling rain coupled with falling temperatures." Even a temporary lull or break in the storm at the time of the accident would not necessarily establish a reasonable opportunity to clear away the hazard (*Krutz v Betz Funeral Home*, 236 AD2d 704, *lv denied* 90 NY2d 803; *Lopez v Picotte Cos.*, 223 AD2d 823, 824).

Of course, if the storm has passed and precipitation has

tailed off to such an extent that there is no longer any appreciable accumulation, then the rationale for continued delay abates, and commonsense would dictate that the rule not be applied. The case at bar offers just such a marked contrast to the cases following the oft-cited rule. Here, according to plaintiff's certified meteorologist, there was nothing more than trace amounts of precipitation during the two-hour-and-20-minute period of subfreezing temperatures prior to the accident. As much as two inches of snow had fallen overnight, but climatological charts in the record reveal that by 6 A.M., precipitation had tailed off to less than one-tenth of an inch (the equivalent of less than 0.01 inches of rain) per hour. (The accident occurred at 9:15.) The custodian was summoned to the scene as early as 7:10 A.M., but according to his testimony, he did not arrive until "around 8:00, ten to—maybe 9:00 something, 9:40." If he arrived on scene at 8:00, appreciable precipitation had already ceased for two hours. And if he arrived as late as 9:40, that would itself raise questions about possible negligence.

Once there is a period of inactivity after cessation of the storm, it becomes a question of fact as to whether the delay in commencing the cleanup was reasonable. In some instances a period of as much as 30 hours could be viewed as *insufficient* to establish negligence (*see, Valentine v City of New York*, 86 AD2d 381, *affd* 57 NY2d 932). On the other hand, a "reasonable period after cessation of the storm" does not mean "until the snow has melted in spring."

In applying this rule in derogation of liability, we should be less concerned with what was happening at the very moment of the accident. More relevant is what was happening during the period immediately preceding the accident. If only trace amounts fell during the two to three hours prior to plaintiff's accident and defendants' custodian was present, then it is reasonable to ask whether the custodian should have been shoveling the accumulated snow. This record calls for determination by a trier of facts, not a rote application of a rule of law. Concur—Wallach, J.P., Lerner, Rubin, Buckley and Friedman, JJ.