KEVIN BUCKLEY, Appellant, v GEORGE CIVILETTO et al., as Trustees for the Trust of DOMINICK CIVILETTO, Defendants, and VILLAGE OF FREDONIA, Respondent. [808 NYS2d 870]—

Appeal from an order of the Supreme Court, Chautauqua County (Frederick J. Marshall, J.), entered December 8, 2004 in a personal injury action. The order, insofar as appealed from, granted that part of the cross motion of defendant Village of Fredonia for summary judgment dismissing the complaint against it.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is denied in part and the complaint against defendant Village of Fredonia is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell on an icy sidewalk, and he now appeals from an order granting the cross motion of defendant Village of Fredonia (Village) for summary judgment dismissing the complaint and any cross claims against it. We agree with plaintiff that Supreme Court erred in granting the cross motion to the extent that plaintiff alleges an affirmative act of negligence on the part of the Village. The complaint, as amplified by the amended bill of particulars, alleges that the Village "was affirmatively negligent in creating the conditions at issue by attempting to clear the snow from the sidewalk by tractor with attached plow blade and leaving one inch of snow behind[,] which was then run over and compressed by the tractor's large tires and by pedestrians, thereby creating the conditions" that caused plaintiff's accident. The Village failed to establish its entitlement to judgment as a matter of law with respect to its alleged affirmative acts of negligence (*see DeJoe v Village of Fredonia*, 5 AD3d 1035, 1036 [2004]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Martoche, JJ.