■ Ronald J. Baia, Respondent, v Allright Parking Buffalo, Inc., Appellant. [811 NYS2d 843]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered December 17, 2004 in a personal injury action. The order, insofar as appealed from, denied defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he allegedly slipped and fell on snow and ice in defendant's parking lot. Supreme Court erred in denying defendant's cross motion for summary judgment dismissing the complaint. Defendant met its initial burden on the cross motion by establishing as a matter of law that there was a storm in progress when plaintiff fell. In support of its cross motion, defendant submitted climatological records establishing that a massive amount of snow had fallen two days before plaintiff fell and that snow continued to fall for four ad-

ditional days. It is well settled that "[a] landowner is not responsible for a failure to remove snow and ice until a reasonable time has elapsed after cessation of the storm" (*Cerra v Perk Dev.*, 197 AD2d 851 [1993]; *see Petrowski v Abraham*, 265 AD2d 901 [1999]; *Siegel v Molino*, 236 AD2d 879 [1997]). Plaintiff failed to raise an issue of fact to defeat the cross motion by submitting deposition testimony that it was not snowing on the morning of plaintiff's accident. "[E]ven if there was a lull or break in the storm around the time of plaintiff's accident, this does not establish that defendant had a reasonable time after the cessation of the storm to correct hazardous snow or ice-related conditions" (*Krutz v Betz Funeral Home*, 236 AD2d 704, 705 [1997], *lv denied* 90 NY2d 803 [1997], citing *Jensen v Roohan*, 233 AD2d 587, 588 [1996]). The further contention of plaintiff in opposition to the cross motion that defendant's snow removal efforts either created a hazardous condition or worsened the conditions then existing is based on mere speculation and thus is insufficient to raise an issue of fact to defeat the cross motion (*see Nadel v Cucinella,* 299 AD2d 250 [2002]; *Marrone v Verona*, 237 AD2d 805 [1997], *lv dismissed* 90 NY2d 885 [1997], *rearg denied* 91 NY2d 849 [1997]; *see also Roesch v Hillick*, 247 AD2d 927 [1998], *lv denied* 92 NY2d 808 [1998]). Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Green, JJ.