■ Griseida Puello, Respondent, v City of New York et al., Defendants, and Irving Castle et al., Appellants. [828 NYS2d 8]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered September 29, 2005, which denied the motion of defendants-appellants (the Castles) for summary judgment dismissing the complaint and codefendant City's cross claims against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint and cross claims as against them.

In this trip-and-fall case, plaintiff's injuries were allegedly sustained on November 14, 1997, prior to the adoption of section 7-210 of the Administrative Code of the City of New York, which absolved the City from tort liability for failure to maintain public sidewalks with respect to accidents occurring on or after September 13, 2003, and generally shifted liability to abutting property owners who neglect to maintain the public sidewalk in a reasonably safe condition, including the "negligent failure to remove snow, ice, dirt or other material from the sidewalk"

(subd [b]). Thus, the Castles, mere adjacent property owners, had no duty here to maintain the public sidewalk in a reasonably safe condition absent their creation of a defective condition in the sidewalk, use of the sidewalk for a special purpose, or gratuitous removal of snow or ice in a manner increasing the hazard created by nature that would constitute a substantial factor in causing personal injury (*see e.g. Jiuz v City of New York*, 244 AD2d 298 [1997]; *Tortora v Pearl Foods*, 200 AD2d 471 [1994]).

The Castles made the requisite prima facie showing that they did not use the sidewalk for a special purpose, create the alleged hole in the sidewalk, or conduct any ice removal effort other than an application of salt that did not increase the natural hazard. Plaintiff failed to offer any evidence sufficient to rebut such showing and raise a triable issue of material fact (*see e.g. Sanders v City of New York*, 17 AD3d 169 [2005]; *Rios v Acosta*, 8 AD3d 183 [2004]). In light of the foregoing, the cross claims against the Castles must also be dismissed. Concur—Friedman, J.P., Williams, Gonzalez, Sweeny and McGuire, JJ.