■ NANCY ROMERO, Respondent-Appellant, v ELJ REALTY CORP., Appellant-Respondent, and CITY OF NEW YORK, Respondent, et al., Defendant. [831 NYS2d 72]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered October 6, 2005, which, in an action for personal injuries sustained in a fall on the sidewalk abutting defendant-appellant's property, insofar as appealed from as limited by the briefs, granted defendant's motion for summary judgment to

the extent plaintiff's claim against defendant is based on the existence of ice on the sidewalk, and denied defendant's motion to the extent plaintiff's claim is based on the existence of a crack in the sidewalk, unanimously modified, on the law, to grant the motion in its entirety, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Since the accident occurred before the effective date of Administrative Code of City of NY § 7-210, defendant property owner had no duty to maintain the adjoining sidewalk in a reasonably safe condition unless it created a defective condition in the sidewalk, used the sidewalk for a special purpose, or gratuitously removed snow or ice in a manner that made the sidewalk more hazardous than it would have been (*Puello v City of New York*, 35 AD3d 294 [2006]). Insofar as plaintiff alleges that she slipped on ice, her assertion that the hazard was increased by defendant's admitted application of sand to the sidewalk several hours earlier is pure speculation (*see id.*). Insofar as plaintiff alleges that she tripped over a crack, defendant's mere ownership of the adjacent parking lot is insufficient to raise an issue of fact as to whether it made a special use of the sidewalk as a driveway (*see Kaminer v Dan's Supreme Supermarket/Key Food*, 253 AD2d 657 [1998]). Concur—Mazzarelli, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.