Shirley L. Brierley et al., Appellants, v Great Lakes Motor Corp. et al., Respondents. Great Lakes Motor Corp., Third-Party Plaintiff, v 5200 Service Corp., Inc., Doing Business as Autobahn Body Werks, Third-Party Defendant-Respondent. [837 NYS2d 451]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered March 9, 2006 in a personal injury action. The order granted the motion of defendant Great Lakes Motor Corp. and the cross motion of defendant Allen Edward Gozdalski, individually and doing business as K & A Landscaping, for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying

the cross motion of defendant Allen Edward Gozdalski, individually and doing business as K & A Landscaping, and reinstating the complaint against him and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Shirley L. Brierley (plaintiff) when she fell on snow and ice in a parking lot. The property was owned by defendant Great Lakes Motor Corp. (Great Lakes), and defendant Allen Edward Gozdalski, individually and doing business as K & A Landscaping (K & A), was hired by Great Lakes to remove snow from the parking lot. We conclude that Supreme Court properly granted the motion of Great Lakes for summary judgment dismissing the complaint against it. Great Lakes met its initial burden by submitting evidence that a storm was in progress at the time of the accident. It is well settled that "[a] landowner is not responsible for a failure to remove snow and ice until a reasonable time has elapsed after cessation of the storm" (*Cerra v Perk Dev.*, 197 AD2d 851 [1993]; *see Baia v Allright Parking Buffalo, Inc.*, 27 AD3d 1153, 1154 [2006]; *Petrowski v Abraham*, 265 AD2d 901 [1999]; *Siegel v Molino*, 236 AD2d 879 [1997]). Contrary to the contention of plaintiffs, they failed to raise an issue of fact by submitting evidence that it was not snowing at the time of the accident. "[E]ven if there was a lull or break in the storm around the time of plaintiff's accident, [that would] not establish that [Great Lakes] had a reasonable time after the cessation of the storm to correct hazardous snow or ice-related conditions" (*Krutz v Betz Funeral Home*, 236 AD2d 704, 705 [1997], *lv denied* 90 NY2d 803 [1997]; *see Jensen v Roohan*, 233 AD2d 587, 588 [1996]).

We further conclude, however, that the court erred in granting the cross motion of K & A for summary judgment dismissing the complaint against it, and we therefore modify the order accordingly. Although K & A met its initial burden, we conclude that plaintiffs raised a triable issue of fact whether K & A's "snow-removal efforts either created a dangerous condition or exacerbated the storm-created condition" (*Wheeler v Grande'Vie Senior Living Community*, 31 AD3d 992, 992 [2006]; *see Mangieri v Prime Hospitality Corp.*, 251 AD2d 632, 633 [1998]). According to the deposition testimony of one of plaintiff's coworkers, K & A's snow removal resulted in a residue of snow that was compacted into a slippery glaze. Thus, plaintiffs raised a triable issue of fact whether K & A created or exacerbated a dangerous ice or hard-packed snow condition (*see Reznicki v Strathallan Hotel, Inc.*, 12 AD3d 156, 157 [2004]; *see also*

*Buckley v Civiletto,* 26 AD3d 844 [2006]). Present—Hurlbutt, J.P., Gorski, Smith, Fahey and Green, JJ.