■ Victor Simeon, Appellant, v City of New York, Defendant, and NCB Enterprises, Inc., et al., Respondents. [838 NYS2d 560]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered May 11, 2006, which granted the motion by defendants 442 Tenth Avenue Associates, the Horowitzes and the Salands for summary judgment dismissing the complaint against them and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

Plaintiff slipped and fell on the sidewalk abutting the building owned by Tenth Avenue Associates/Horowitz/Saland during a February 2003 snowstorm. Plaintiff testified he did not see which part of the sidewalk he fell on because it was snowing and the walk was already covered by five or six inches of snow. The snowfall was confirmed by climatological records.

An abutting owner in the City of New York bears no liability for the failure to remove snow and ice from a public sidewalk prior to September 14, 2003 (*Puello v City of New York*, 35 AD3d 294 [2006]; *see* Administrative Code of City of NY § 7-210). Even if a duty were shown to exist, these defendants successfully established their entitlement to judgment as a matter of law under the "storm in progress" rule, which relieves workers of "any obligation to shovel snow while continuing precipitation or high winds are simply re-covering the walkways as fast as they are cleaned, thus rendering the effort fruitless" (*Powell v MLG Hillside Assoc.*, 290 AD2d 345, 345 [2002]; *see also Solazzo v New York City Tr. Auth.*, 21 AD3d 735 [2005], *affd* 6 NY3d 734 [2005]). Under the circumstances, plaintiff's contention that his accident was caused by a defect in the sidewalk is based on pure speculation (*see e.g. Romero v ELJ Realty Corp.*, 38

AD3d 263 [2007]). Concur—Tom, J.P., Andrias, Sweeny, McGuire and Kavanagh, JJ.