◼ MARIA RAMOS CORTWRIGHT et al., Respondents, v CITY OF NEW YORK, Respondent, CVS PHARMACY, INC., Respondent-Appellant/Third-Party Plaintiff, and 2112 WHITE PLAINS ROAD, LLC, et al., Appellants-Respondents. TRAMMELL CROW CORPORATE SERVICES, INC., Third-Party Defendant-Respondent. [891 NYS2d 377]—

Defendants 2112 White Plains Road and ACHS Management established prima facie that they neither created a defective condition in the sidewalk nor used the sidewalk for a special purpose (*see Romero v ELJ Realty Corp.*, 38 AD3d 263 [2007]). ACHS's senior property manager testified that ACHS had no record of any sidewalk maintenance performed by ACHS in front of the CVS Pharmacy store where plaintiff Cortwright allegedly slipped and fell on the ramp in the curb. In opposition, plaintiffs offered no evidence to support either their allegation that 2112 and ACHS may have undertaken such a repair or their contention that 2112 and ACHS used the public sidewalk for their own special benefit (*see Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 298-299 [1988], *lv dismissed in part and denied in part* 73 NY2d 783 [1988]).

However, issues of fact remain whether defendant CVS Pharmacy engaged in repair work that may have created a defective condition that caused the accident, in light of CVS's allegation that third-party defendant Trammell Crow Corporate Services, which has not yet been deposed, negligently repaired the sidewalk where the accident occurred and the record evidence that before the accident CVS had made one call concerning the sidewalk on the "fixed line" it maintained for request-

ing repairs (*see George v New York City Tr. Auth.*, 306 AD2d 160 [2003]). Concur—Gonzalez, P.J., Tom, Sweeny, Freedman and Abdus-Salaam, JJ.