■ In the Matter of SHANE D. O'BRIEN, Appellant, v THOMAS DIXON, Respondent. [974 NYS2d 883]—Appeal from an order of the Family Court, Wyoming County (Michael F. Griffith, J.), entered September 20, 2012 in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's written objections to an order of the Support Magistrate.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs. Present—Scudder, P.J., Peradotto, Carni, Sconiers and Whalen, JJ.

■ In the Matter of SHEILA A. GRIFFIN, Respondent, v LAMONT A. BARTON, JR., Appellant. [974 NYS2d 883]—Appeal from an order of the Family Court, Monroe County (John J. Rivoli, J.H.O.), entered February 21, 2012 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs. Present—Scudder, P.J., Peradotto, Carni, Sconiers and Whalen, JJ.

■ BRENDA HYDE et al., Appellants, v TRANSCONTINENT RECORD SALES, INC., et al., Respondents, et al., Defendant. [974 NYS2d 727]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered June 15, 2012. The order granted the motion of defendants Transcontinent Record Sales, Inc., Leonard Silver and Leon Tringali, doing business as Leon Studio One School of Hair Design and Career Training Center, for summary judgment dismissing the amended complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs, individually and as husband and wife, commenced this action to recover damages for injuries sustained by Brenda Hyde (plaintiff) after she slipped and fell on snow or ice in the parking lot of the building of defendants-respondents (defendants). Contrary to plaintiffs' contention,

Supreme Court properly granted defendants' motion for summary judgment dismissing the amended complaint against them. Defendants "established their entitlement to judgment as a matter of law on the issue whether plaintiff's fall occurred while a storm was in progress or within a reasonable time thereafter" (*Santerre v Golub Corp.*, 11 AD3d 945, 947 [2004]; *see Baia v Allright Parking Buffalo, Inc.*, 27 AD3d 1153, 1153-1154 [2006]; *Camacho v Garcia*, 273 AD2d 835, 835 [2000]), and plaintiffs failed to raise a triable issue of fact in opposition (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiffs' claim that defendants created or exacerbated the hazard by shoveling but not salting the area in question was supported by only hearsay statements of defendants' employee and thus was insufficient to raise a triable issue of fact (*see Candela v City of New York*, 8 AD3d 45, 47 [2004]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to plaintiffs' contention, they did not establish that defendants' employee, who allegedly stated that he had shoveled but not salted the area in which the accident occurred, had the authority to speak on behalf of defendants. Plaintiffs therefore failed to establish that the employee's statements fell within an exception to the hearsay rule as "an admission binding on [defendants]" (*Tyrrell v Wal-Mart Stores*, 97 NY2d 650, 652 [2001]; *see generally Reed v McCord*, 160 NY 330, 341 [1899]). Present—Scudder, P.J., Peradotto, Carni, Sconiers and Whalen, JJ.