# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

330

CA 13-01668

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

FRANCINE MANN, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WEGMANS FOOD MARKETS, INC., DEFENDANT-APPELLANT.

---

THE LAW FIRM OF JANICE M. IATI, P.C., ROCHESTER (JANICE M. IATI OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCHIANO LAW OFFICE, P.C., ROCHESTER (CHARLES A. SCHIANO, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from an amended order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered May 3, 2013. The amended order denied defendant's motion for summary judgment.

It is hereby ORDERED that the amended order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on ice in defendant's parking lot. Defendant moved for summary judgment dismissing the complaint, contending that it had no duty to correct the hazardous condition of the parking lot because the storm had ceased for only 15 minutes at the time of the accident, and Supreme Court denied the motion. We reverse.

We conclude that defendant met its initial burden by submitting evidence that a storm was in progress at the time of the accident and, thus, that defendant "had no duty to remove the snow and ice 'until a reasonable time ha[d] elapsed after cessation of the storm' " (*Glover v Botsford*, 109 AD3d 1182, 1183). The accident occurred at approximately 5:15 p.m. on December 22, 2010, when plaintiff exited defendant's store. According to defendant's expert meteorologist and the weather reports upon which he relied, light snow mixed with a freezing drizzle fell from 3:00 to at least 5:00 p.m. Contrary to plaintiff's contention, she failed to raise an issue of fact by submitting evidence that the precipitation had eased or ceased at the time of her accident. " '[E]ven if there was a lull or break in the storm around the time of plaintiff's accident, this does not establish that defendant had a reasonable time after the cessation of the storm to correct hazardous snow or ice-related conditions' " (*Baia v Allright Parking Buffalo, Inc.*, 27 AD3d 1153, 1154; *see Brierley v*

*Great Lakes Motor Corp.*, 41 AD3d 1159, 1160).  Plaintiff further failed to raise an issue of fact whether the ice that caused the accident existed prior to the storm (*see Chapman v Pyramid Co. of Buffalo*, 63 AD3d 1623, 1624; *Martin v Wagner*, 30 AD3d 733, 735).

In view of our decision, we do not address defendant's contention concerning plaintiff's affidavit submitted in opposition to the motion.

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court