Wroblewski v Williams (2019 NY Slip Op 04992)





Wroblewski v Williams


2019 NY Slip Op 04992


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2017-08095
 (Index No. 64784/13)

[*1]AnnMarie Wroblewski, et al., appellants,
v
Daniel Williams, et al., respondents.


Gallagher, Walker, Bianco & Plastaras, LLP, Mineola, NY (Robert J. Walker, Sean M. Costigan, and Brian Kenney of counsel), for appellants.
Andrea G. Sawyers, Melville, NY (Dominic P. Zafonte of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated May 30, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On December 27, 2010, the plaintiff AnnMarie Wroblewski (hereinafter the injured plaintiff) slipped and fell in the driveway of the defendants' residential property as a result of an icy condition. The injured plaintiff, and her husband suing derivatively, subsequently commenced this action against the defendants to recover damages for, inter alia, personal injuries, alleging that the defendants were negligent in, among other things, maintaining their driveway. The defendants moved for summary judgment dismissing the complaint. The plaintiffs' cross-moved for summary judgment on the issue of liability. The Supreme Court granted the defendants' motion and denied the plaintiffs' cross motion, and the plaintiffs appeal.
In support of their motion, the defendants submitted the deposition testimony of the defendant Daniel Williams, who testified that the accident occurred on December 27, 2010, between 4:30 and 5:00 p.m. It is undisputed that there had been a heavy accumulation of snow starting the previous day, which continued into the morning of the day of the accident. The defendants submitted an affidavit of an expert meteorologist, who asserted that 12.5 inches of snow fell the day
before the accident and approximately 6 inches of snow fell on the date of the accident, and that, due to compaction, there were approximately 17 inches of snow and ice cover on the date of the accident. According to the meteorologist, while the snow had stopped by 10:45 a.m. on the day of the accident, the wind that day sustained speeds between 17 and 33 miles per hour, with gusts between 29 and 51 miles per hour. The temperature during the day was between 19 and 28 degrees Farenheit. Daniel Williams testified that he shoveled snow on the driveway in the late morning while it was cold and windy. He further testified that snow continued to blow on or over the driveway throughout the entire day. The meteorologist opined that the combination of new snow and the high winds likely created blowing snow and snow drifts. Daniel Williams testified that he observed blowing snow on the driveway, with some areas being covered by snow and other areas being clear.
The evidence submitted by the defendants in support of their motion, including climatological data, the affidavit of their expert meteorologist, and transcripts of the deposition testimony of the parties, demonstrated, prima facie, that a storm was still in progress at the time of [*2]the accident (see Simeon v City of New York, 41 AD3d 344; Powell v MLG Hillside Assoc., 290 AD2d 345; see also Meyers v Big Six Towers, Inc., 85 AD3d 877). The storm in progress rule is designed to relieve property owners of the obligation to shovel snow while continuing precipitation or high winds are simply re-covering walkways and driveways as fast as they are cleared (see Powell v MLG Hillside Assoc., 290 AD2d 345).
While the evidence submitted by the defendants showed that the snow had ceased falling in the morning, the evidence also showed that high winds persisted in blowing snow over their driveway throughout the day. Furthermore, the defendants established, prima facie, that their efforts to remove snow from the driveway did not create a hazardous condition or exacerbate the natural hazard created by the storm (see Blair v Loduca, 164 AD3d 637, 639; Aronov v St. Vincent's Hous. Dev. Fund Co., 145 AD3d 648, 650; Talamas v Metropolitan Transp. Auth., 120 AD3d 1333, 1335). Contrary to the plaintiffs' assertion, the defendants did not have actual or constructive notice of any ice condition in their driveway prior to the accident (see Bombino-Munroe v Church of St. Bernard, 163 AD3d 616, 617; Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d 777, 778; Sweeney v Doria, 95 AD3d 1298, 1299; Spinoccia v Fairfield Bellmore Ave., LLC, 95 AD3d 993, 993-994).
In opposition to the defendants' motion, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The plaintiffs failed to adduce evidence that the high winds had abated by the time of the accident. Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
In light of the defendants' showing of their entitlement to summary judgment dismissing the complaint, we also agree with the Supreme Court's determination to deny the plaintiffs' cross motion for summary judgment on the issue of liability.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court