Marrero v Oak-Michigan Hous. Dev. Fund Co., Inc. (2021 NY Slip Op 02682)





Marrero v Oak-Michigan Hous. Dev. Fund Co., Inc.


2021 NY Slip Op 02682


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, WINSLOW, AND DEJOSEPH, JJ.


896 CA 19-02041

[*1]FRANCES MARRERO, PLAINTIFF-APPELLANT,
v
OAK-MICHIGAN HOUSING DEVELOPMENT FUND COMPANY, INC., AND BELMONT MANAGEMENT CO., INC., DEFENDANTS-RESPONDENTS. 






SHAW & SHAW, P.C., HAMBURG (BLAKE J. ZACCAGNINO OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (CORY J. WEBER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered October 28, 2019. The order granted defendants' motion for summary judgment dismissing plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she slipped and fell on ice while walking on a sidewalk located on real property owned by defendant Oak-Michigan Housing Development Fund Company, Inc. and managed by defendant Belmont Management Co., Inc. Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Defendants "established their entitlement to judgment as a matter of law on the issue whether plaintiff's fall occurred while a storm was in progress or within a reasonable time thereafter" (Santerre v Golub Corp., 11 AD3d 945, 947 [4th Dept 2004]; see Hyde v Transcontinent Record Sales, Inc., 111 AD3d 1339, 1340 [4th Dept 2013]) and, in opposition, plaintiff failed to raise a triable issue of fact "whether the accident was caused by a slippery condition at the location where [she] fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and [whether] the defendant[s] had actual or constructive notice of the preexisting condition" (Quill v Churchville-Chili Cent. Sch. Dist., 114 AD3d 1211, 1212 [4th Dept 2014] [internal quotation marks omitted]).
Contrary to the contention of plaintiff, she failed to raise a triable issue of fact by establishing that it was not raining or snowing in the area at the time of her accident, i.e., at 7:15 p.m. It is well settled that "[a] landowner is not responsible for a failure to remove snow and ice until a reasonable time has elapsed after cessation of the storm" (Cerra v Perk Dev., 197 AD2d 851, 851 [4th Dept 1993]; see Brierley v Great Lakes Motor Corp., 41 AD3d 1159, 1160 [4th Dept 2007]; Baia v Allright Parking Buffalo, Inc., 27 AD3d 1153, 1154 [4th Dept 2006]), and evidence that it was not precipitating or only lightly precipitating at the time of an accident does not render the storm in progress doctrine inapplicable (see generally Alvarado v Wegmans Food Mkts., Inc., 134 AD3d 1440, 1441 [4th Dept 2015]). Here, the meteorological evidence submitted by defendants in support of their motion established that approximately two inches of snow accumulated in the area during the late morning and afternoon and then freezing rain fell from 3:07 p.m. until 7:03 p.m., and from 7:03 p.m. throughout the remainder of the evening, the area saw a light rain. That evidence was not contradicted by plaintiff's meteorologist. Thus, "[e]ven if there was a lull or break in the storm around the time of plaintiff's accident, [that would] not establish that [defendants] had a reasonable time after the cessation of the storm to correct hazardous snow or ice-related conditions" (Brierley, 41 AD3d at 1160 [internal quotation [*2]marks omitted]; see Krutz v Betz Funeral Home, 236 AD2d 704, 705 [3d Dept 1997], lv denied 90 NY2d 803 [1997]).
In light of our determination, plaintiff's remaining contentions are academic.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court