■ Jose Camacho, Respondent, v Jenaro Garcia et al., Appellants. [709 NYS2d 738] —Order unanimously reversed on the law without costs, motion granted and amended complaint dismissed. Memorandum: Plaintiff commenced this action to recover for personal injuries sustained as a result of a slip and fall on defendants' driveway. Supreme Court erred in denying defendants' motion for summary judgment dismissing the amended complaint. In support of their motion, defendants established that six to eight inches of snow fell intermittently on the day of the accident and that there was a storm in progress when plaintiff fell. It is well settled that "[a] landowner is not responsible for a failure to remove snow and ice until a reasonable time has elapsed after cessation of the storm" (*Cerra v Perk Dev.*, 197 AD2d 851; *see, Petrowski v Abraham*, 265 AD2d 901; *Siegel v Molino*, 236 AD2d 879). "The storm in progress doctrine is not limited to situations where blizzard conditions exist; it also applies in situations where there is some type of less severe, yet still inclement, winter weather" (*Olejniczak v du Pont de Nemours & Co.*, 79 F Supp 2d 209, 216; *see, Zima v North Colonie Cent. School Dist.*, 225 AD2d 993, 994). Plaintiff's assertion in opposition to the motion that no snow was falling at the time of the accident is insufficient to raise a triable issue of fact. "[E]ven if there was a lull or break in the storm around the time of plaintiff's accident, this does not establish that defendant[s] had a reasonable time after the cessation of the storm to correct hazardous snow or ice-related conditions" (*Krutz v Betz Funeral Home*, 236 AD2d 704, 705, *lv denied* 90 NY2d 803, citing *Jensen v Roohan*, 233 AD2d 587, 588; *Lopez v Picotte Cos.*, 223 AD2d 823, 824). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt and Scudder, JJ.