■ Jody M. Howard et al., Respondents, v J.A.J. Realty Enterprises, Ltd., Respondent, and Salvation Army, Appellant. (And a Third-Party Action.) [726 NYS2d 159] —Mugglin, J. Appeal from an order of the Supreme Court (Canfield, J.), entered September 15, 2000 in Rensselaer County, which, *inter alia*, denied defendant Salvation Army's motion for summary judgment dismissing the complaint against it.

Plaintiffs seek to recover damages for personal injuries sustained by plaintiff Jody M. Howard (hereinafter plaintiff) when she slipped and fell in the entryway of a building located in the City of Troy, Rensselaer County, which was leased by defendant Salvation Army from defendant J.A.J. Realty Enterprises, Ltd. (hereinafter JAJ Realty). In the complaint, plaintiffs allege that plaintiff's injuries were caused by the negligent design, construction and maintenance of the entryway. JAJ Realty has interposed cross claims against Salvation Army contending, *inter alia,* that Salvation Army breached the express obligation set forth in the lease requiring it to procure a policy of insurance that named JAJ Realty as an insured.

Following the completion of discovery, Salvation Army moved for summary judgment dismissing the complaint against it on the basis of the "storm in progress" doctrine. JAJ Realty cross-moved for summary judgment against Salvation Army on its

cross claim regarding the failure of Salvation Army to obtain the necessary policy of insurance. Supreme Court denied Salvation Army's motion and granted JAJ Realty's cross motion, finding that JAJ Realty made a prima facie showing that Salvation Army was required to procure an insurance policy naming JAJ Realty as an insured party and Salvation Army failed to produce any evidence that it had procured such a policy. Salvation Army now appeals and, as limited by its brief, contends that it was entitled to summary judgment based on the "storm in progress" doctrine (since plaintiffs' complaint alleges that plaintiff's fall in the entryway occurred during a snowfall), that the lease provision requiring Salvation Army to procure insurance against the negligent conduct of JAJ Realty is unenforceable as a matter of law and that JAJ Realty waived or is estopped from claiming that Salvation Army breached its duty of obtaining insurance coverage since JAJ Realty did not demand a copy of the policy during the seven years that Salvation Army leased the premises. Finally, Salvation Army argues that, in any event, JAJ Realty's damages flowing from the failure of Salvation Army to obtain a policy of insurance naming JAJ Realty as an insured is simply the cost of the premiums paid by JAJ Realty for such coverage.

We affirm. It is well settled that the "storm in progress" doctrine does not require a defendant who has dominion and control over real property to remedy hazardous snow and ice-related conditions caused by an ongoing storm until a reasonable time after the storm is over (*see, Chapman v Pounds*, 268 AD2d 769, 770). On a motion for summary judgment, a movant is required to establish by competent and admissible evidence a prima facie entitlement to judgment (*see, Bush v St. Clare's Hosp.*, 82 NY2d 738, 739; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). If this burden is met, then the opponent to a motion for summary judgment has the affirmative burden of coming forward with competent, admissible evidence establishing the existence of a genuine triable issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

Applying these rules here, in order to establish a prima facie entitlement to judgment on the "storm in progress" doctrine, Salvation Army must establish that plaintiff's fall was precipitated by a hazardous snow or ice-related condition caused by an ongoing storm. In support of its motion, Salvation Army points to the complaint and plaintiff's deposition, which establish that it was snowing on the morning of plaintiff's fall. However, Salvation Army also submitted the affidavit of a meteorological expert who claims that it had not snowed in Troy

for at least 15 days prior to the accident and that it did not snow in Troy on the date of the accident. Further, the record contains the affidavit of plaintiff's supervisor stating that it was snowing and raining on the morning of the accident, but that no snow was accumulating. Given these conflicts, Salvation Army has not established a prima facie entitlement to judgment and, thus, Supreme Court properly denied its motion for summary judgment dismissing the complaint against it regardless of the evidence tendered by plaintiffs (*see, Bush v St. Clare's Hosp., supra,* at 739).

Next, we find no reason to disturb Supreme Court's grant of summary judgment in favor of JAJ Realty based on its third cross claim. This cross claim is specifically predicated upon Salvation Army's failure to obtain the required policy of insurance and Supreme Court's determination is limited to this narrow issue. Thus, when Salvation Army, in opposition to this motion, failed to proffer any evidence that it had procured a general comprehensive public liability insurance policy naming JAJ Realty as an additional insured as required by the lease, JAJ Realty was entitled to summary judgment (*see, Zuckerman v City of New York, supra,* at 562). Salvation Army's present arguments that the lease required it to procure an insurance policy that governed JAJ Realty's own negligence or that the lease provision violates General Obligations Law § 5-321 are not relevant to this specific cross claim. These arguments are germane solely to the second cross claim interposed by JAJ Realty against Salvation Army, which asserts that Salvation Army breached its duty to indemnify and defend JAJ Realty and hold it harmless as lessor. Since JAJ Realty has not appealed from Supreme Court's denial of its motion for summary judgment on this cross claim, however, these issues are not presently before us.

Next, we find no merit to Salvation Army's contention that JAJ Realty should be estopped from asserting any breach of contract resulting from Salvation Army's failure to procure the insurance policy or that JAJ Realty waived this breach by failing to demand production of a copy of the policy. Assuming, arguendo, that the claim of estoppel was properly raised, Salvation Army has offered no evidence that it justifiably relied on the words or deeds of JAJ Realty to its detriment regarding the procurement of the insurance policy (*see generally, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184). Likewise, Salvation Army has failed to proffer any evidence in support of its waiver claim that JAJ Realty knew that the insurance policy was not procured or that JAJ Realty manifested

an intent to voluntarily abandon the rights created by this lease provision (*cf.*, *Santamaria v 1125 Park Ave. Corp.*, 238 AD2d 259, 260-261).

Cardona, P. J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with one bill of costs.