# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

802

CA 11-00247

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND GREEN, JJ.

---

JAMES ENGLERTH AND HOLLI ENGLERTH,
PLAINTIFFS-APPELLANTS,

V                                                   MEMORANDUM AND ORDER

PENFIELD CENTRAL SCHOOL DISTRICT,
DEFENDANT-RESPONDENT.

---

FARACI LANGE, LLP, ROCHESTER (KATHRYN K. LEE OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

GOLDBERG SEGALLA LLP, ROCHESTER (PATRICK B. NAYLON OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered September 28, 2010 in a personal injury action. The order granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by James Englerth (plaintiff) when he allegedly slipped and fell on an icy condition in a parking lot owned by defendant. Defendant thereafter moved for summary judgment dismissing the complaint on the grounds that it did not have actual or constructive notice of the condition. In addition, defendant contended that there was a storm in progress, thus precluding liability on its part, and that it did not create the condition. Supreme Court erred in granting defendant's motion. Even assuming, arguendo, that defendant met its initial burden with respect to actual notice of the icy condition, we conclude that plaintiffs raised an issue of fact concerning such notice (*see generally Ruic v Roman Catholic Diocese of Rockville Ctr.*, 51 AD3d 1000, 1001; *Tortorella v New York City Tr. Auth.*, 291 AD2d 445, 446). Although defendant submitted evidence that it did not have constructive notice of the icy condition by submitting plaintiff's deposition testimony in which plaintiff testified that the condition was not visible and apparent (*see Mullaney v Royalty Props., LLC*, 81 AD3d 1312; *Wright v Rite-Aid of NY*, 249 AD2d 931), plaintiffs raised an issue of fact with respect to such notice by submitting the sworn statement of a witness who observed "ice with water on top of the ice" near the area of

plaintiff's fall (*see Conklin v Ulm*, 41 AD3d 1290; *Pugliese v Utica Natl. Ins. Group*, 295 AD2d 992, 992-993).  In addition, there is an issue of fact whether the alleged condition formed prior to commencement of the storm in progress and was therefore a preexisting hazard, rather than the product of a storm in progress for which defendant would have no liability (*see Hayes v Norstar Apts., LLC*, 77 AD3d 1329; *Schuster v Dukarm*, 38 AD3d 1358), and whether defendant created the condition.

Entered:  June 17, 2011                              Patricia L. Morgan
                                                     Clerk of the Court