# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

959
CA 13-00394
PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

CAROLYN GLOVER, PLAINTIFF-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

DAVID M. BOTSFORD, INDIVIDUALLY AND DOING
BUSINESS AS ALICE'S MARKET, DEFENDANT-APPELLANT.

---

LAW OFFICES OF LAURIE G. OGDEN, ROCHESTER (DAVID F. BOWEN OF COUNSEL),
FOR DEFENDANT-APPELLANT.

CELLINO & BARNES, P.C., BUFFALO (BRETT MANSKE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (William
P. Polito, J.), entered June 5, 2012.  The order denied the motion of
defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the complaint is dismissed.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries she sustained when she slipped and fell on snow or ice on the
sidewalk in front of a store owned by defendant and operated by
defendant's wife.  Plaintiff alleges in the complaint, as amplified by
the bill of particulars, that defendant was negligent because he
either created the dangerous condition outside of his store or failed
to remedy the condition despite actual or constructive notice of it.
Following discovery, defendant moved for summary judgment dismissing
the complaint, contending, inter alia, that he had no duty to remove
the snow and ice from the sidewalk because there was a storm in
progress at the time of the accident.  Supreme Court denied the
motion, determining that there was an issue of fact whether defendant
"properly maintained the dangerous, slippery condition by removing the
snow, but not salting or removing the ice, as alleged."  We
reverse.

We conclude that the evidence submitted by defendant in support
of his motion, including an affidavit from his expert meteorologist
and the weather reports upon which that expert relied, established as
a matter of law that there was a storm in progress at the time of the
accident (*see Sheldon v Henderson & Johnson Co., Inc.*, 75 AD3d 1155,
1156) and, thus, that defendant had no duty to remove the snow and ice
"until a reasonable time ha[d] elapsed after cessation of the storm"

(*Brierley v Great Lakes Motor Corp*., 41 AD3d 1159, 1160 [internal quotation marks omitted]).  The accident occurred at approximately 8:45 a.m. on December 31, 2008, when plaintiff exited defendant's store in the City of Rochester.  According to defendant's expert meteorologist, a snowstorm began in the Rochester area late in the evening on December 30, 2008, and continued into the next day.  At 4:15 a.m. on December 31, the National Weather Service issued a "winter weather advisory" for the Rochester area and, two hours later, the advisory was upgraded to a "winter storm warning."  More than 11 inches of snow accumulated in Rochester on December 31, which was a record for that date, and most of that snow fell during the early morning hours.  Indeed, plaintiff acknowledged during her deposition that it was snowing on the morning in question as she drove to the store, and that testimony was consistent with the testimony of defendant's wife, among other witnesses.

We further conclude that, in opposition to the motion, plaintiff failed to raise an issue of fact whether there was a storm in progress when the accident occurred (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  In opposition to the motion, plaintiff relied exclusively on an affirmation from her attorney who asserted, based on an inaccurate reading of the weather reports submitted by defendant, that it was not clear whether it had been snowing at the time of the accident.  Even assuming, arguendo, that it was not snowing heavily at the time of the accident, we note that the "storm in progress doctrine is not limited to situations where blizzard conditions exist; it also applies in situations where there is some type of less severe, yet still inclement, winter weather" (*Camacho v Garcia*, 273 AD2d 835, 835 [internal quotation marks omitted]).  Moreover, plaintiff failed to establish that there was a "lull" or a "break" in the storm such that defendant had a reasonable time in which to abate the slippery conditions (*see Baia v Allright Parking Buffalo, Inc.*, 27 AD3d 1153, 1154; *Camacho*, 273 AD2d at 835).

Plaintiff likewise failed to raise an issue of fact whether defendant created the dangerous condition that caused her to slip and fall or whether the snow removal efforts of defendant's wife exacerbated the dangerous condition created by the storm (*see Smilowitz v GCA Serv. Group, Inc.*, 101 AD3d 1101, 1102).  Contrary to plaintiff's contentions, it is well settled that the "mere failure to remove *all* snow and ice from a sidewalk . . . does not constitute negligence and does not constitute creation of a hazard" (*Wheeler v Grand'Vie Senior Living Community*, 31 AD3d 992, 992-993 [internal quotation marks omitted]; *see Wohlars v Town of Islip*, 71 AD3d 1007, 1009; *Cardinale v Watervliet Hous. Auth.*, 302 AD2d 666, 666-667), and that the failure to salt or sand a sidewalk does not constitute an affirmative act that would constitute an exacerbation of a dangerous condition (*see Ali v Village of Pleasantville*, 95 AD3d 796, 797; *Zima v North Colonie Cent. Sch. Dist.*, 225 AD2d 993, 994).  We therefore conclude that the court erred in denying defendant's motion for

summary judgment dismissing the complaint.