# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1125

CA 13-00702

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

BRENDA HYDE AND MICHAEL HYDE, INDIVIDUALLY AND
AS HUSBAND AND WIFE, PLAINTIFFS-APPELLANTS,

V                                            MEMORANDUM AND ORDER

TRANSCONTINENT RECORD SALES, INC., LEONARD
SILVER, LEON TRINGALI, DOING BUSINESS AS
LEON STUDIO ONE SCHOOL OF HAIR DESIGN AND
CAREER TRAINING CENTER, DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANT.

---

ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (ANDREW J.
CONNELLY OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

DAMON MOREY LLP, BUFFALO (AMY ARCHER FLAHERTY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Patrick
H. NeMoyer, J.), entered June 15, 2012. The order granted the motion
of defendants Transcontinent Record Sales, Inc., Leonard Silver and
Leon Tringali, doing business as Leon Studio One School of Hair Design
and Career Training Center, for summary judgment dismissing the
amended complaint against them.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs, individually and as husband and wife,
commenced this action to recover damages for injuries sustained by
Brenda Hyde (plaintiff) after she slipped and fell on snow or ice in
the parking lot of the building of defendants-respondents
(defendants). Contrary to plaintiffs' contention, Supreme Court
properly granted defendants' motion for summary judgment dismissing
the amended complaint against them. Defendants "established their
entitlement to judgment as a matter of law on the issue whether
plaintiff's fall occurred while a storm was in progress or within a
reasonable time thereafter" (*Santerre v Golub Corp.*, 11 AD3d 945, 947;
*see Baia v Allright Parking Buffalo, Inc.*, 27 AD3d 1153, 1153-1154;
*Camacho v Garcia*, 273 AD2d 835, 835), and plaintiffs failed to raise a
triable issue of fact in opposition (*see Zuckerman v City of New York*,
49 NY2d 557, 562). Plaintiffs' claim that defendants created or
exacerbated the hazard by shoveling but not salting the area in
question was supported by only hearsay statements of defendants'
employee and thus was insufficient to raise a triable issue of fact

(*see Candela v City of New York*, 8 AD3d 45, 47; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  Contrary to plaintiffs' contention, they did not establish that defendants' employee, who allegedly stated that he had shoveled but not salted the area in which the accident occurred, had the authority to speak on behalf of defendants.  Plaintiffs therefore failed to establish that the employee's statements fell within an exception to the hearsay rule as "an admission binding on [defendants]" (*Tyrrell v Wal-Mart Stores*, 97 NY2d 650, 652; *see generally Reed v McCord*, 160 NY 330, 341).

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court