# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**622**

**CA 14-02039**

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

MARY WITHERSPOON, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

TOPS MARKETS, LLC, DEFENDANT-RESPONDENT.

---

DAVID P. FELDMAN, BUFFALO, FOR PLAINTIFF-APPELLANT.

DIXON & HAMILTON, LLP, GETZVILLE (DENNIS HAMILTON OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered June 10, 2014. The order granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on snow or ice in defendant's parking lot. Defendant moved for summary judgment dismissing the complaint, contending that it had no duty to correct the hazardous condition because there was a storm in progress at the time plaintiff fell, and Supreme Court granted the motion. We affirm.

Defendant met its initial burden by establishing that a storm was in progress at the time of the accident and, thus, that it "had no duty to remove the snow [or] ice until a reasonable time ha[d] elapsed after cessation of the storm" (*Glover v Botsford*, 109 AD3d 1182, 1183 [internal quotation marks omitted]; *see Gilbert v Tonawanda City Sch. Dist.*, 124 AD3d 1326, 1327). The accident occurred shortly after 10:30 a.m. on January 13, 2012, when plaintiff exited defendant's supermarket. Two supermarket employees testified at their depositions that there was a storm occurring both before and at the time plaintiff fell, and that the storm produced wintry, snowy, and blustery conditions (*see Gilbert*, 124 AD3d at 1327). Even plaintiff acknowledged in her deposition testimony that it was snowing on the morning in question as she drove to the supermarket, as well as when she entered and exited the store (*see Glover*, 109 AD3d at 1183). The above deposition testimony was corroborated by a surveillance video that depicted a steady accumulation of snow in defendant's parking lot before the accident and repeated passes by a snowplow attempting to clear portions of the parking lot.

Contrary to plaintiff's contention, we conclude that she failed to raise an issue of fact whether there was a storm in progress when the accident occurred (*see Mann v Wegmans Food Mkts., Inc.*, 115 AD3d 1249, 1250; *Glover*, 109 AD3d at 1183-1184). Moreover, "[e]ven if there was a lull or break in the storm around the time of plaintiff's accident, this does not establish that defendant had a reasonable time after the cessation of the storm to correct hazardous snow or ice-related conditions" (*Mann*, 115 AD3d at 1250 [internal quotation marks omitted]). Plaintiff further "failed to raise a triable issue of fact whether the accident was caused by a slippery condition . . . that existed prior to the storm, as opposed to precipitation from the storm in progress, and that . . . defendant had actual or constructive notice of the preexisting condition" (*Quill v Churchville-Chili Cent. Sch. Dist.*, 114 AD3d 1211, 1212 [internal quotation marks omitted]).

Entered:  May 8, 2015                                    Frances E. Cafarell
                                                         Clerk of the Court