■ YOANY GUZMAN, Respondent, v BROADWAY 922 ENTERPRISES, LLC, Defendant, and 21 BERRY DELI, INC., Appellant. [12 NYS3d 92]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered June 24, 2014, which denied defendant 21 Berry Deli, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Defendant argues that it had no duty to remedy the alleged icy condition that caused plaintiff to slip and fall in front of its deli because there was a storm in progress at the time of the accident (see Administrative Code of City of NY § 16-123). However, the record demonstrates that the storm-in-progress doctrine has no application here. Plaintiff testified that the ice on which she slipped was covered by a thin layer of recently fallen, clean snow, that the ice, which she felt with her hand after she fell, was dark, dirty, and very thick, and that there was built-up dirty snow in the area, as a result of "a really bad job at cleaning." Plaintiff's expert opined that the ice formed either because of "the improper clean-up of past storms" or from the melting of the snow piled up in the area and its refreezing, beginning after 2:00 a.m. on the night before plaintiff's accident, when the temperature fell to below freezing.

The court properly considered plaintiff's expert's report, despite the fact that there had been no CPLR 3101 (d) (1) disclosure before plaintiff opposed defendant's motion, since there is no evidence of willfulness by plaintiff or prejudice to defendant (see Baulieu v Ardsley Assoc., L.P., 85 AD3d 554 [1st Dept 2011]).

In any event, plaintiff's description of the ice as "dark" and "dirty," standing alone, is sufficient to raise an issue of fact whether the ice had been there long enough to be discovered and remedied by defendant (see Tubens v New York City Hous. Auth., 248 AD2d 291 [1st Dept 1998]; see also Wright v Emigrant Sav. Bank, 112 AD3d 401, 401-402 [1st Dept 2013]).

Moreover, plaintiff's testimony that she had seen four to five inches of dirty snow in the area the evening before her accident raises issues of fact whether the ice was caused by either defendant's improper cleaning after past storms or from the melting and refreezing of snow in the early morning hours preceding the accident and whether defendant's earlier cleaning of the area caused or exacerbated the hazardous condition (*see De Los Santos v 4915 Broadway Realty LLC*, 58 AD3d 465 [1st Dept 2009]; *Olivieri v GM Realty Co., LLC*, 37 AD3d 569, 570 [2d Dept 2007]). These issues are not eliminated by defendant's testimony about its normal snow-clearing procedures, since defendant submitted no evidence as to when the sidewalk was last inspected or cleaned before plaintiff's accident (*see Mike v 91 Payson Owners Corp.*, 114 AD3d 420 [1st Dept 2014]). Concur—Mazzarelli, J.P., Friedman, Richter, Manzanet-Daniels and Gische, JJ.