# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1339**
**CA 15-00518**
PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

LUZ ALVARADO, PLAINTIFF-APPELLANT,

               V                            MEMORANDUM AND ORDER

WEGMANS FOOD MARKETS, INC., DEFENDANT-RESPONDENT.

---

WILLIAM MATTAR, P.C., WILLIAMSVILLE (MATTHEW J. KAISER OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

THE LAW FIRM OF JANICE M. IATI, P.C., PITTSFORD (AMANDA B. BURNS OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered January 5, 2015. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on snow or ice in defendant's parking lot. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. "Defendant met its initial burden by establishing that a storm was in progress at the time of the accident and, thus, that it 'had no duty to remove the snow [or] ice until a reasonable time ha[d] elapsed after cessation of the storm' " (*Witherspoon v Tops Mkts., LLC*, 128 AD3d 1541, 1541). In opposition to the motion, plaintiff failed to raise a triable issue of fact "whether the accident was caused by a slippery condition at the location where the plaintiff fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and that the defendant had actual or constructive notice of the preexisting condition" (*Meyers v Big Six Towers, Inc.*, 85 AD3d 877, 878). Contrary to plaintiff's contention, evidence that it was only snowing lightly at the time of the accident does not render the storm in progress doctrine inapplicable. The " 'doctrine is not limited to situations where blizzard conditions exist; it also applies in situations where there is some type of less severe, yet still inclement, winter weather' " (*Camacho v Garcia*, 273 AD2d 835, 835). The assertions of plaintiff's property management expert that defendant's snow and ice removal practices deviated from accepted and customary practices of property management also failed to raise an issue of fact, inasmuch as "defendant's duty in this regard was suspended until a reasonable period of time after the storm ended"

(*Wood v Converse*, 263 AD2d 860, 861).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court