Battaglia v MDC Concourse Ctr., LLC (2019 NY Slip Op 06310)





Battaglia v MDC Concourse Ctr., LLC


2019 NY Slip Op 06310


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


639 CA 19-00036

[*1]KAREN L. BATTAGLIA, PLAINTIFF-RESPONDENT,
v
MDC CONCOURSE CENTER, LLC, MCGUIRE DEVELOPMENT COMPANY, LLC, MCGUIRE MANAGEMENT COMPANY, LLC, AND R.D. TRUCKING & TRANSPORTATION, INC., DEFENDANTS-APPELLANTS. 






GOERGEN, MANSON & MCCARTHY, BUFFALO (JOSEPH G. GOERGEN, II, OF COUNSEL), FOR DEFENDANTS-APPELLANTS MDC CONCOURSE CENTER, LLC, MCGUIRE DEVELOPMENT COMPANY, LLC, AND MCGUIRE MANAGEMENT COMPANY, LLC. 
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KEVIN E. LOFTUS OF COUNSEL), FOR DEFENDANT-APPELLANT R.D. TRUCKING & TRANSPORTATION, INC.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeals from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered June 26, 2018. The order denied the motion of defendants MDC Concourse Center, LLC, McGuire Development Company, LLC, and McGuire Management Company, LLC, for summary judgment and granted that part of the motion of defendant R.D. Trucking & Transportation, Inc., for summary judgment dismissing the amended complaint against it. 
It is hereby ORDERED that the order so appealed from is modified on the law by granting the motion of defendant R.D. Trucking & Transportation, Inc. in its entirety and by granting the motion of defendants MDC Concourse Center, LLC, McGuire Development Company, LLC, and McGuire Management Company, LLC insofar as it sought summary judgment dismissing the amended complaint against them and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on ice in the parking lot of property owned or managed by defendants MDC Concourse Center, LLC, McGuire Development Company, LLC, and McGuire Management Company, LLC (collectively, McGuire defendants). Defendant R.D. Trucking & Transportation, Inc. (RD Trucking) contracted with the McGuire defendants to maintain that parking lot. RD Trucking moved for summary judgment dismissing the amended complaint and all cross claims against it, and the McGuire defendants separately moved for, inter alia, summary judgment dismissing the amended complaint against them and, in the alternative, for an order granting them conditional indemnification against RD Trucking. Supreme Court granted that part of RD Trucking's motion seeking summary judgment dismissing the amended complaint against it on the ground that RD Trucking did not owe a duty to plaintiff (see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 138-140 [2002]). The court otherwise denied that motion and denied the motion of the McGuire defendants. Defendants appeal.
As a preliminary matter, we note that, although no cross claim was asserted in the sole answer of the McGuire defendants that is contained in the record on appeal, the parties and the court treated the McGuire defendants' request for conditional indemnification as, in essence, a cross claim. Indeed, as noted, RD Trucking moved for, inter alia, summary judgment dismissing [*2]"all cross claims." Similarly, after denying the McGuire defendants' motion insofar as it sought contractual indemnification as premature based on its finding that "[q]uestions remain[ed] concerning" whether any action or inaction of RD Trucking "would warrant indemnification," the court concluded that the McGuire defendants' "cross claims as and against [RD Trucking] remain" and denied that part of RD Trucking's motion with respect to those purported cross claims. Even though there are no cross claims, the parties have charted their course on the underlying motions and in these appeals, and no party has been "misled to its prejudice" inasmuch as RD Trucking has "fully defended itself" against the motion of the McGuire defendants (Torrioni v Unisul, Inc., 214 AD2d 314, 315 [1st Dept 1995]; see Rubenstein v Rosenthal, 140 AD2d 156, 158-159 [1st Dept 1988]).
Addressing the merits of the contentions raised by the parties, we conclude that defendants established as a matter of law "that a storm was in progress at the time of the accident and, thus, that [they] had no duty to remove the snow [or] ice until a reasonable time ha[d] elapsed after cessation of the storm' " (Witherspoon v Tops Mkts., LLC, 128 AD3d 1541, 1541 [4th Dept 2015]; see Johnson v Pixley Dev. Corp. 169 AD3d 1516, 1520-1521 [4th Dept 2019]; Gilbert v Tonawanda City School Dist., 124 AD3d 1326, 1327 [4th Dept 2015]; Quill v Churchville-Chili Cent. Sch. Dist., 114 AD3d 1211, 1212 [4th Dept 2014]; Glover v Botsford, 109 AD3d 1182, 1183 [4th Dept 2013]; cf. Schult v Pyramid Walden Co., L.P., 167 AD3d 1577, 1577 [4th Dept 2018]; see also Wrobel v Tops Mkts., LLC, 155 AD3d 1591, 1592 [4th Dept 2017]; Walter v United Parcel Serv., Inc., 56 AD3d 1187, 1187 [4th Dept 2008]).
Where, as here, a defendant's own submissions do not raise an issue of fact whether the icy condition existed before the storm, the burden shifts to the plaintiff "to raise a triable issue of fact whether the accident was caused by a slippery condition at the location where the plaintiff fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and that the defendant had actual or constructive notice of the preexisting condition' " (Alvarado v Wegmans Food Mkts., Inc., 134 AD3d 1440, 1441 [4th Dept 2015]; see e.g. Gilbert, 124 AD3d at 1327; Quill, 114 AD3d at 1212).
Contrary to plaintiff's contentions, nothing in her deposition testimony, which was submitted by defendants in support of their respective motions, raised a triable issue of fact whether the ice she allegedly observed existed before the storm (cf. Gervasi v Blagojevic, 158 AD3d 613, 614 [2d Dept 2018]; Guzman v Broadway 922 Enters., LLC, 130 AD3d 431, 431 [1st Dept 2015]; Candelier v City of New York, 129 AD2d 145, 148-149 [1st Dept 1987]), and the evidence that plaintiff submitted in opposition to the motions also did not raise a triable issue of fact.
Plaintiff's expert stated that "whatever snow was on the ground during or fell on the area during and after [the days preceding the storm], would have created a liquid base on surfaces where the ice would have formed" (emphasis added). Inasmuch as the certified weather records submitted by both defendants and plaintiff established that there was virtually no precipitation in the seven days preceding the major, two-day winter storm that resulted in record snowfall for Buffalo, "[t]he record is devoid of competent evidence that any . . . snow . . . existed . . . near the area of the parking lot where plaintiff fell that had melted and had then refrozen prior to the storm" (Hanifan v COR Dev. Co., LLC, 144 AD3d 1569, 1570 [4th Dept 2016], lv denied 29 NY3d 906 [2017]). We thus conclude that, "[t]o say that old' ice caused the subject ice patch as opposed to the storm in progress would require a jury to resort to conjecture and speculation in order to determine the cause of the incident" (Small v Coney Is. Site 4A-1 Houses, Inc., 28 AD3d 741, 742 [2d Dept 2006], lv dismissed 7 NY3d 887 [2006]; see Pankratov v 2935 OP, LLC, 160 AD3d 757, 758-759 [2d Dept 2018]; Harvey v Laz Parking Ltd, LLC, 128 AD3d 1203, 1205 [3d Dept 2015]). We therefore modify the order by granting the motion of RD Trucking in its entirety and granting the motion of the McGuire defendants insofar as it sought summary judgment dismissing the amended complaint against them.
Based on our determination, we do not address the McGuire defendants' alternative contention.
All concur except Whalen, P.J., and Centra, J., who dissent and vote to affirm in the following memorandum: We respectfully dissent inasmuch as we would affirm the order of Supreme Court. Although we agree with the majority that defendants established that there was a [*3]storm in progress at the time of plaintiff's accident, we reject defendants' contention that they were not required, in order to establish their prima facie entitlement to summary judgment, to affirmatively establish that the storm in progress caused the icy condition that precipitated plaintiff's fall.
It is axiomatic that "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; see generally Clause v Globe Metallurgical, Inc., 160 AD3d 1463, 1463 [4th Dept 2018]). The Court of Appeals directs that the storm-in-progress doctrine applies only where a "plaintiff's injuries [were] sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter" (Solazzo v New York City Tr. Auth., 6 NY3d 734, 735 [2005]; see Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021 [2016]; see also Mosley v State of New York, 150 AD3d 1659, 1660 [4th Dept 2017]). Thus, "in order to establish a prima facie entitlement to judgment on the storm in progress' doctrine, [a defendant] must establish that [a] plaintiff's fall was precipitated by a hazardous snow or ice-related condition caused by an ongoing storm" (Howard v J.A.J. Realty Enters, 283 AD2d 854, 855 [3d Dept 2001]; see Solazzo, 6 NY3d at 735; Stalker v Crestview Cadillac Corp., 284 AD2d 977, 978 [4th Dept 2001]).
Here, defendants failed to establish as a matter of law that plaintiff's alleged injuries resulted from "an icy condition occurring during an ongoing storm" (Solazzo, 6 NY3d at 735 [emphasis added]; see Stalker, 284 AD2d at 978; Howard, 283 AD2d at 855). Contrary to the conclusion of the majority, plaintiff's deposition testimony, which defendants submitted in support of their respective motions, raises a triable issue of material fact whether the icy condition existed prior to the storm occurring at the time of her accident. Plaintiff testified that she fell due to "very thick ice," approximately one to two inches thick, underneath a snow covering (see Walter v United Parcel Serv., Inc., 56 AD3d 1187, 1188 [4th Dept 2008]; see also Stalker, 284 AD2d at 978). The affidavit of defendants' expert meteorologist addresses only the snowfall that occurred on the date of plaintiff's accident and offers his opinion that "a storm was in progress at the time of the plaintiff's slip and fall." The expert fails to address whether the conditions existing at that time would have resulted in the accumulation of the thick ice underneath a layer of snow that plaintiff testified caused her fall (cf. Harvey v Laz Parking Ltd, LLC, 128 AD3d 1203, 1204 [3d Dept 2015]). Inasmuch as it was defendants' initial burden to establish as a matter of law that this icy condition occurred during the storm and was not a preexisting condition (see Solazzo, 6 NY3d at 735; Stalker, 284 AD2d at 978; Howard, 283 AD2d at 855), defendants failed to establish their prima facie entitlement to summary judgment. Thus, "regardless of the sufficiency of the opposing papers" (Winegrad, 64 NY2d at 853; see Walter, 56 AD3d at 1188), the court properly denied the motion of defendants MDC Concourse Center, LLC, McGuire Development Company, LLC, and McGuire Management Company, LLC (collectively, McGuire defendants) insofar as it sought summary judgment dismissing the amended complaint against them and that part of the motion of defendant RD Trucking & Transportation, Inc. (RD Trucking) for summary judgment dismissing the McGuire defendants' purported cross claim for contractual indemnification.
Finally, we reject the contention of the McGuire defendants that the court erred in denying as premature their motion insofar as it sought an order of conditional indemnification. We agree with the court that there are triable issues of fact "whether there were acts, omissions, a breach or default of [RD Trucking] concerning its performance of any snow/ice removal that would warrant indemnification" under the terms of the contract between defendants. We would therefore affirm the order in its entirety.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court