Govenettio v Dolgencorp of N.Y., Inc. (2019 NY Slip Op 06907)





Govenettio v Dolgencorp of N.Y., Inc.


2019 NY Slip Op 06907


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


805 CA 18-02130

[*1]TIMOTHY GOVENETTIO, PLAINTIFF-APPELLANT,
v
DOLGENCORP OF NEW YORK, INC., INDIVIDUALLY AND DOING BUSINESS AS DOLLAR GENERAL, DOLLAR GENERAL CORPORATION, BHATTI PROPERTYS INC., AND KIMBERLY FITZGERALD, INDIVIDUALLY AND DOING BUSINESS AS FOREVER GREEN PROPERTY MAINTENANCE, DEFENDANTS-RESPONDENTS. 






SHAW & SHAW, P.C., HAMBURG (LEONARD D. ZACCAGNINO OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GOERGEN, MANSON & MCCARTHY, BUFFALO (KEVIN LOFTUS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS DOLGENCORP OF NEW YORK, INC., INDIVIDUALLY AND DOING BUSINESS AS DOLLAR GENERAL, DOLLAR GENERAL CORPORATION, AND BHATTI PROPERTYS INC. 
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN HENDRICKS OF COUNSEL), FOR DEFENDANT-RESPONDENT KIMBERLY FITZGERALD, INDIVIDUALLY AND DOING BUSINESS AS FOREVER GREEN PROPERTY MAINTENANCE.


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.) entered October 1, 2018. The order granted defendants' motion and cross motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion and reinstating the complaint against defendants Dolgencorp of New York, Inc., individually and doing business as Dollar General, Dollar General Corporation, and Bhatti Propertys Inc., and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that he sustained when, at between 5:00 p.m. and 6:00 p.m., he slipped and fell in the parking lot of a Dollar General store that was leased to defendant Dolgencorp of New York, Inc., individually and doing business as Dollar General, from defendant Bhatti Propertys Inc. Contrary to plaintiff's contention, Supreme Court properly granted the motion of defendant Kimberly Fitzgerald, individually and doing business as Forever Green Property Maintenance (Forever Green), for summary judgment dismissing the complaint against her. Forever Green is a snow removal company that was contractually responsible for plowing snow from the parking lot. "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]). Although there are three well-established exceptions to that rule (see id. at 140), plaintiff did not allege facts in his complaint or bill of particulars that would establish the applicability of any of those exceptions, and thus Fitzgerald was not required to affirmatively negate the possible application of any of them in order to meet her initial burden (see Baker v Buckpitt, 99 AD3d 1097, 1099 [3d Dept 2012]; Sniatecki v Violet Realty, Inc., 98 AD3d 1316, 1320 [4th Dept 2012]). Instead, Fitzgerald had to demonstrate only that plaintiff was not a party to the snow removal contract and that she therefore owed no duty to him, which she accomplished by submitting a copy of the contract (see Baker, 99 AD3d at 1099). In opposition, plaintiff failed to raise an issue of fact with respect [*2]thereto (see generally Zuckerman v City of New York, 49 NY2d 557, 563 [1980]).
We agree with plaintiff, however, that the court erred in granting the cross motion of the remaining defendants (defendants) for summary judgment dismissing the complaint against them. A defendant seeking to avail itself of the storm in progress doctrine meets its prima facie burden by establishing as a matter of law that there was a storm in progress at the time of the accident (see Alvarado v Wegmans Food Mkts., Inc., 134 AD3d 1440, 1440 [4th Dept 2015]; Glover v Botsford, 109 AD3d 1182, 1183 [4th Dept 2013]). The doctrine applies in situations where there are severe winter conditions, as well as where there is " less severe, yet still inclement, winter weather' " (Glover, 109 AD3d at 1184), but it does not apply when the accumulation of snow is "negligible" (Patricola v General Motors Corp., 170 AD3d 1506, 1507 [4th Dept 2019]). Here, defendants submitted the affidavit of a meteorologist, who opined that one-tenth of an inch of snow fell after 3:30 p.m. on the day in question, and who relied in part on winter weather advisories that predicted, among other things, snow and freezing rain between 3:00 p.m. and 11:00 p.m. in several counties, including the one where the store is located. In addition, defendants submitted the deposition testimony of plaintiff, who testified that snow and rain had been predicted that day, but during the time leading up to his fall it was merely overcast. Thus, defendants' own submissions raise an issue of fact whether there was a storm in progress at the time of the fall (see Patricola, 170 AD3d at 1507; cf. Witherspoon v Tops Mkts., LLC, 128 AD3d 1541, 1541 [4th Dept 2015]). Furthermore, defendants submitted the deposition testimony of an assistant store manager, who testified that there were "a few" "different" "slippery spots" in the parking lot when she arrived for her shift at 2:00 p.m. on the day of plaintiff's fall, thus raising issues of fact whether the slippery condition preexisted the alleged storm (see generally Wrobel v Tops Mkts., LLC, 155 AD3d 1591, 1592 [4th Dept 2017]; Alvarado, 134 AD3d at 1440), and whether defendants had actual or constructive notice of the slippery condition (see Patricola, 170 AD3d at 1507). We therefore modify the order by denying defendants' cross motion and reinstating the complaint against them (see generally Brinson v Geneva Hous. Auth., 45 AD3d 1397, 1398
[4th Dept 2007]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court