Ayers v Pioneer Cent. Sch. Dist. (2020 NY Slip Op 05622)





Ayers v Pioneer Cent. Sch. Dist.


2020 NY Slip Op 05622


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


419 CA 19-00964

[*1]DAWN AYERS, PLAINTIFF-APPELLANT,
v
PIONEER CENTRAL SCHOOL DISTRICT AND PIONEER MIDDLE SCHOOL, DEFENDANTS-RESPONDENTS. 






PAUL WILLIAM BELTZ, P.C., BUFFALO (ANNE B. RIMMLER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
SUGARMAN LAW FIRM, LLP, BUFFALO (MARINA A. MURRAY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Cattaraugus County (Jeremiah J. Moriarty, III, J.), entered October 11, 2018. The order, insofar as appealed from, granted defendants' motion for summary judgment dismissing plaintiff's complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendants is denied and the complaint is reinstated.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped on ice in the parking lot of defendant Pioneer Middle School (middle school), which is located in the Town of Yorkshire. Defendants moved for summary judgment dismissing the complaint, arguing that they had no duty to remove the hazardous condition because it formed during an ongoing storm. Plaintiff now appeals from an order that, inter alia, granted defendants' motion.
We conclude that defendants did not meet their initial burden of establishing that plaintiff's injuries were the result of "an icy condition occurring during an ongoing storm or for a reasonable time thereafter" (Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021 [2016] [internal quotation marks omitted]; cf. Alvarado v Wegmans Food Mkts., Inc., 134 AD3d 1440, 1441 [4th Dept 2015]; Witherspoon v Tops Mkts., LLC, 128 AD3d 1541, 1541 [4th Dept 2015]). Although defendants submitted an affidavit from a meteorologic expert, Doppler radar data, and deposition testimony establishing that it had been snowing and icy on the date of the accident from the early morning hours through 3:00 p.m., the time plaintiff fell, defendants also submitted conflicting evidence regarding how much snow actually accumulated in the area of the middle school. Defendants' expert never set forth, by opinion or otherwise, any specific amount of snowfall in the Town of Yorkshire on the date of plaintiff's fall. The only data regarding snowfall was for the Buffalo Niagara International Airport, which showed only 0.9 inches of snowfall. Further, the deposition testimony submitted by defendants gave estimates of anywhere from one to three inches of snowfall during the day. Thus, defendants' own submissions raised a question of fact whether there was a storm in progress at the time of the fall.
Even assuming, arguendo, that defendants met their initial burden, plaintiff raised an issue of fact whether the ice upon which she fell preexisted the weather event (cf. Alvarado, 134 AD3d at 1441). Plaintiff submitted the affidavit of an expert meteorologist who averred that a thaw in the days prior to the accident, followed by a drop in temperatures from the night before into the morning hours of the accident, would account for the formation of the ice. Plaintiff also submitted deposition testimony establishing that there had been thick ice in the parking lot since the day before the accident, and that defendants' groundskeeper had plowed down to the ice (see Gervasi v Blagojevic, 158 AD3d 613, 614 [2d Dept 2018]; Guzman v Broadway 922 Enters., LLC, 130 AD3d 431, 432 [1st Dept 2015]; Candelier v City of New York, 129 AD2d 145, 148-[*2]149 [1st Dept 1987]). We also conclude that plaintiff raised an issue of fact whether defendants had constructive notice of the condition (see Washington v Trustees of the M.E. Church of Livingston Manor, 162 AD3d 1368, 1370 [3d Dept 2018]; Englerth v Penfield Cent. School Dist., 85 AD3d 1714, 1715 [4th Dept 2011]). We therefore reverse the order insofar as appealed from.
In light of our determination, plaintiff's remaining contention is academic.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court