Sax v Women & Children's Hosp. of Buffalo (2021 NY Slip Op 00736)





Sax v Women & Children's Hosp. of Buffalo


2021 NY Slip Op 00736


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, WINSLOW, AND BANNISTER, JJ.


942 CA 20-00170

[*1]JACLYN SAX, PLAINTIFF-APPELLANT,
v
WOMEN AND CHILDREN'S HOSPITAL OF BUFFALO AND KALEIDA HEALTH, DOING BUSINESS AS WOMEN AND CHILDREN'S HOSPITAL OF BUFFALO, DEFENDANTS-RESPONDENTS. 






VIOLA, CUMMINGS & LINDSAY, LLP, NIAGARA FALLS (MATTHEW T. MOSHER OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
CONNORS LLP, BUFFALO (CAITLIN E. O'NEIL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Niagara County (Matthew J. Murphy, III, A.J.), entered October 29, 2019. The order granted the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she slipped and fell on snow and ice on defendants' property. We agree with plaintiff that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. In moving for summary judgment, defendants argued that there was a storm in progress at the time that plaintiff fell. Assuming, arguendo, that the report of defendants' expert meteorologist was sufficient to establish that there was a storm at the location where plaintiff fell (cf. Ayers v Pioneer Cent. Sch. Dist., 187 AD3d 1625, 1625 [4th Dept 2020]), we conclude that defendants failed to meet their initial burden of establishing that "plaintiff's injuries [were] sustained as the result of any icy condition occurring during an ongoing storm or for a reasonable time thereafter" (Solazzo v New York City Tr. Auth., 6 NY3d 734, 735 [2005]; see Schult v Pyramid Walden Co., L.P., 167 AD3d 1577, 1577 [4th Dept 2018]; see generally Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021 [2016]). A property owner has no duty to remove the snow "until a reasonable time ha[s] elapsed after cessation of the storm" (Witherspoon v Tops Mkts., LLC, 128 AD3d 1541, 1541 [4th Dept 2015] [internal quotation marks omitted]). In support of their motion, defendants submitted the deposition testimony of plaintiff, who testified that it had snowed the night before the accident, but that it was not snowing at the time of her fall at 10:00 a.m. on the day of the accident. Plaintiff further testified that, while the sidewalks and ramp to the staircase of defendants' building had been cleared of snow, the steps were still snow-covered.
Inasmuch as defendants failed to meet their initial burden, the burden never shifted to plaintiff to raise a triable issue of fact (see Schult, 167 AD3d at 1577; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court