Gould v 93 NYRPT, LLC (2021 NY Slip Op 00955)





Gould v 93 NYRPT, LLC


2021 NY Slip Op 00955


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


818 CA 19-01283

[*1]GLENN GOULD AND AMY GOULD, PLAINTIFFS-APPELLANTS,
v
93 NYRPT, LLC, RONALD BENDERSON 1995 TRUST AND RIDGE MAINTENANCE CORP., DEFENDANTS-RESPONDENTS. (APPEAL NO. 2.) 






ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (ANDREW CONNELLY OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (ROBERT A. CRAWFORD, JR., OF COUNSEL), FOR DEFENDANTS-RESPONDENTS 93 NYRPT, LLC AND RONALD BENDERSON 1995 TRUST.
HURWITZ & FINE, P.C., BUFFALO (JODY E. BRIANDI OF COUNSEL), FOR DEFENDANT-RESPONDENT RIDGE MAINTENANCE CORP. 


 Appeal from an amended order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered June 28, 2019. The amended order granted the motion of defendant Ridge Maintenance Corp. and the cross motion of defendants 93 NYRPT, LLC and Ronald Benderson 1995 Trust for summary judgment dismissing the complaint and denied the cross motion of plaintiffs for summary judgment. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Glenn Gould (plaintiff) when he allegedly slipped and fell on ice in a parking lot on property owned by defendants 93 NYRPT, LLC and Ronald Benderson 1995 Trust (collectively, Benderson defendants). The Benderson defendants contracted with defendant Ridge Maintenance Corp. (Ridge) to perform snow removal at the property. Plaintiffs appeal from an amended order that, inter alia, granted Ridge's motion for summary judgment dismissing the complaint against it and granted the cross motion of the Benderson defendants insofar as it sought summary judgment dismissing the complaint against them. We affirm.
"Although a landowner owes a duty of care to keep his or her property in a reasonably safe condition, he will not be held liable in negligence for a plaintiff's injuries sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter" (Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021 [2016] [internal quotation marks omitted]; see Perez v Grecian Garden Apts., LLC, 67 AD3d 1411, 1412 [4th Dept 2009]). Contrary to plaintiffs' contention, we conclude that defendants met their respective initial burdens on their motion and cross motion for summary judgment. Defendants submitted the affidavit of an expert meteorologist, which detailed the weather conditions in the area where the slip and fall occurred and thereby established that "a storm was in progress at the time of the [slip and fall] and, thus, that [defendants] had no duty to remove the snow and ice until a reasonable time ha[d] elapsed after cessation of the storm" (Gilbert v Tonawanda City School Dist., 124 AD3d 1326, 1327 [4th Dept 2015] [internal quotation marks omitted]; see Glover v Botsford, 109 AD3d 1182, 1183 [4th Dept 2013]). Although defendants also submitted the deposition testimony of plaintiff stating his observations of the conditions at the scene of the slip and fall, that testimony established, at most, a possible lull or break in the storm that did not [*2]afford defendants a reasonable amount of time in which to correct the hazardous conditions (see Witherspoon v Tops Mkts., LLC, 128 AD3d 1541, 1542 [4th Dept 2015]; Gilbert, 124 AD3d at 1327; Baia v Allright Parking Buffalo, Inc., 27 AD3d 1153, 1153-1154 [4th Dept 2006]).
We further conclude that, in opposition, plaintiffs failed to "raise a triable issue of fact whether the accident was caused by a slippery condition at the location where the plaintiff fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and that the defendant[s] had actual or constructive notice of the preexisting condition" (Quill v Churchville-Chili Cent. Sch. Dist., 114 AD3d 1211, 1212 [4th Dept 2014] [internal quotation marks omitted]; see Chapman v Pyramid Co. of Buffalo, 63 AD3d 1623, 1624 [4th Dept 2009]). The opinions contained in the affidavit of the meteorological expert submitted by plaintiffs constitute "mere speculation based on general weather conditions that were prevailing in the region" (Greco v Grande, 160 AD3d 1345, 1346 [4th Dept 2018]). The affidavit is also conclusory and speculative with respect to whether the ice existed prior to the storm and whether there was a storm in progress. It is therefore insufficient to raise a triable issue of fact (see Menear v Kwik Fill, 174 AD3d 1354, 1356 [4th Dept 2019]; Moran v Muscarella, 87 AD3d 1299, 1300 [4th Dept 2011]; O'Donnell v Buffalo-DS Assoc., LLC, 67 AD3d 1421, 1423 [4th Dept 2009], lv denied 14 NY3d 704 [2010]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court